Eliza Moore *against* The Mayor, Aldermen and Commonalty of the city of New York.

Where, in pursuance of an act of the legislature, lands are taken by a municipal corporation for a public use, upon an appraisement and payment of their value to the holder of the fee, the corporation acquires an absolute title to them, divested of any inchoate right of dower existing in his wife.

The inchoate right of dower of a married woman exists not as a part of the marriage contract, but as a positive institution of law incident to the marriage relation. It is not an estate, but a mere contingent claim, not capable of sale on execution, nor the subject of grant or assignment.

The estate of a widow after the assignment of her dower, is a continuation of the estate of her husband, a part of the fee he held while living, and this is entirely divested by the proceedings to appropriate the land to public use.

The land of the plaintiff's husband was, during her marriage, taken by the corporation of New York for a public market, under *Ch.* 75 *of the laws of* 1817. The proceedings to acquire it being regular, *held*, that the corporation acquired the absolute fee, discharged of her claim of dower.

This action was brought in the superior court of the city of New York by the plaintiff, as widow of Lewis Moore, *to recover dower of* certain lands in the city of New York, of which her husband was seized in fee during her coverture. She was married to him in 1815, and remained his wife until his death in 1843. In the year 1817 he owned the lands in which dower was claimed, and they were taken from him by the mayor, aldermen and commonalty of the city of New York, in pursuance of "An act authorizing the mayor, aldermen and commonalty of the city of New York to take certain lands," passed March 14, 1817, (*Laws of* 1817, *p.* 63,) as part of the site of Fulton market, upon a compliance with the provisions of the act, and the appraisement and payment to him of his damages for the appropriation to $34,432. The law provided that upon the confirmation of the re-

port of the commissioners of appraisement, the lands appropriated under it should vest in the corporation of the city in fee simple, absolute. Neither in making the appraisement, nor in any of the proceedings for the purpose of appropriating the lands was the plaintiff made a party. The defendants resisted the claim to dower upon the ground that by virtue of the proceedings under the statute the corporation obtained an absolute title to the lands, divested of any right of dower in the plaintiff. The cause was tried in December, 1850, before Mr. Justice Payne, who ruled and decided that the plaintiff was entitled to recover from the defendants the value of her dower in the lands from the time the same had been demanded, at the rate at which the lands were appraised when appropriated, and the annual payment of such amount during her life time, and a judgment was thereupon rendered in her favor. The defendants appealed to a general term, where the judgment was reversed. (*See* 4 *Sand,* 456.)

The plaintiff thereupon appealed to this court

*J. L. Mason* for appellant.

The plaintiff, by her marriage, and the seisin of her husband Lewis Moore, deceased, acquired an inchoate right of dower in the lands mentioned in the complaint. This inchoate right of dower was an interest in such lands, of which she could not be divested without her consent, except upon just compensation being made to her. (*Kelly* v. *Harrison,* 2 *John. Cas.* 29; *Jackson* v. *Edwards,* 22 *Wendell,* 498; *Lawrence* v. *Miller,* 2 *Comst.* 245, *p.* 250, 257; *Constitution of New York of* 1821, *Art.* 7, § 7; *Bradshaw* v. *Rogers,* 20 *J. R.* 106, per Spencer, C. J.; *Bloodgood* v. *Mohawk & H. R. R. Co.* 18 *Wendell,* 8; *Wait* v. *Wait,* 4 *Comst.* 95.) The act authorizing the mayor, &c., of the city of New York to take possession of certain lands, passed March 14, 1817, did not authorize the respondents

to take possession of the lands in question without compensation to the plaintiff for her interest therein. On the contrary, it expressly provided for payment to all persons *interested* in such lands, for the loss or damage they might sustain in consequence of their being taken for the public use. Notwithstanding the general terms of the act, the confirmation of the report of the commissioners was final and conclusive only upon the persons and parties named in the report, and could not divest the title of persons for whose interest in the premises no allowance was made; and the title of the defendants under the proceedings was subject to the rights and interest of all such persons not named or provided for. The interest of the plaintiff in the lands in question at the time the commissioners made their report, was capable of being estimated as an interest separate from that of her husband. (*Jackson* v. *Edwards,* 7 *Paige,* 408; *S. C.* on appeal, 22 *Wendell,* 517; 2 *R. S.* 3*d ed. p.* 420, *Laws* 1840, *ch.* 177, § 1.) And as no provision was made by the commissioners under the act for compensation to her for her right of dower, such right was not divested by the proceedings, and she is entitled either to an assignment of dower in the lands in question, or to a pecuniary equivalent in damages.

*H. E. Davies* for respondents.

GARDINER, J. The statute under which the corporation of the city of New York makes title to the premises claimed by the plaintiff, authorizes the commissioners appointed by the supreme court to make "a just estimate of the damage to the respective owners, lessees, parties and persons respectively entitled unto or *interested* in the lands, tenements and hereditaments proposed to be appropriated to the use of the city. (*Laws* 1817, *Ch.* 75, § 1.) A subsequent clause in the same section provides that the report of the commissioners, when confirmed, shall vest the fee simple absolute in the lands so appropriated in the

city, and the proceedings are made conclusive upon the corporation, and upon the owners and *persons and parties interested in* or entitled to such lands, "and all other persons whomsoever." The question is whether the possibility of dower accruing to the wife after marriage, but before the death of the husband, is an interest in law, within the purview of this statute. Before assignment of dower, the widow has no estate, but a mere right in action, or claim which can not be sold upon execution. (2 *Coms.* 254; *Greenleaf's Cruise Dig. Title Dower*, Ch. 3, § 1, note *Gooch* v. *Atkins*, 14 *Mass.* 378.)

If this is the true character of the right of the widow prior to the assignment, that of a wife must be a right to a claim for dower, contingent upon her surviving her husband. Such a possibility may be released, but it is not, it is believed, the subject of grant or assignment, nor is it in any sense an interest in real estate. It is not of itself property, the value of which may be estimated, but an inchoate right, which, on the happening of certain events, may be consummated so as to entitle the widow to demand and receive a freehold estate in the land, if she survived her husband.

The estate of the widow after assignment of dower is a continuation of the estate of her deceased husband. (*Cruise, Dower, T.* 6, *Ch.* 2, § 17.) It follows that, while living, he, as owner, is entitled to and represents the absolute fee. This the statute vests, on confirmation of the report of the commissioners, and concludes all those entitled to the land, and all other persons whomsoever. Mrs. Moore, at the time of the proceedings to appropriate the real estate, was not, as we have seen, entitled to it, but her husband; and she was concluded by the general language of the act, if the statute was not in contravention of the provision of the constitution of the United States, which prohibits the state from passing any law impairing the obligation of contracts. Dower is not the result of contract, but a positive institution of the state, founded

SEL. IV.—15.

on reasons of public policy. To entitle to dower, it is true, there must be a marriage, which our law regards in some respects as a civil contract. So the death and seizin of lands by the husband during coverture are also necessary to establish a right to this estate. But they are not embraced by, nor are they the subjects of the marriage contract. The estate is by law made an incident of the marriage relation, and the death and seisin of one of the parties are conditions on which it comes into existence. It stands like an estate by the curtesy, on the foundation of positive law. (*Cruise by Greenleaf, Vol.* 1, *p.* 166, § 6.) So the right of the husband to the property of the wife in her possession by the common law, and her consequent incapacity to hold personal property in her own right, are incidents of the same relation, which the legislature may modify or abolish at pleasure. Gifts made to the wife after the passage of a law to that effect, would vest in her it is presumed, without impairing in any respect the marriage contract. It is because dower is an incident of the marriage relation established by positive institutions of the country, and not by contract, that the widow is entitled to dower, although the marriage is consummated abroad, where the common law does not obtain. (2 *H. Bl.* 145; 2 *Hogg*, 376, *n.*) For the same reason, although the husband can not deprive the wife of dower by alienating the land during coverture, yet he may forfeit it, as for treason, and she will be concluded.

In the case under consideration the land was taken against the consent of the husband, by an act of sovereignty, for the public benefit. The only person owning and representing the fee, was compensated by being paid its full value. The wife had no interest in the land, and the possibility which she did possess was incapable of being estimated with any degree of accuracy. Under these circumstances the legislature had the power which I think they have rightfully exercised, to direct that the value of the entire fee should be paid to the husband of the ap-

pellant; and that the corporation by such payment, in pursuance of the statute, has acquired an indefeasible title to the premises. The judgment of the superior court should be affirmed.

MASON, J., read an opinion in which he arrived at the same conclusion with Judge Gardiner.

All the judges concurring,

Judgment affirmed.