## MOORE *against* THE MAYOR &c. OF THE CITY OF NEW YORK.

A wife, during the life of her husband, has no estate or interest in his lands.

Her inchoate right of dower can be cut off by the act of the government, in the exercise of its power of *eminent domain*.

Such act does not impair the obligation of contracts ; dower not resulting from the contract of marriage, but from a positive institution of the state founded on reasons of public policy.

Hence a widow is entitled to dower, according to our law, though the marriage took place abroad, where a different rule prevails.

ACTION by the widow of Lewis Moore, to obtain dower, or the value of her dower (the plaintiff offering to take a sum in gross in lieu of dower), in lands taken by the city of New York for Fulton Market, under an act of the legislature, passed March 14th, 1817.

That act authorized commissioners appointed by the Supreme Court to make a just estimate of the damages to the owners of and persons entitled to or interested in the lands, &c., proposed to be appropriated to the use of the city ; and provided that the report of the commissioners, when confirmed, should vest in the city the fee simple absolute, in the lands, &c., appropriated, and should be conclusive upon the owners, lessees and persons interested in or entitled to such lands, &c., and all other persons whomsoever. Under this act, the premises in question, the fee of which was then in the plaintiff's husband (Lewis Moore), were appropriated and taken by the defendants, and have ever since been occupied by them. The commissioners estimated the damages of Mr. Moore, on account of such taking, at $34,432, which sum was paid to him.

The plaintiff obtained judgment at the special term of the Superior Court of the city of New York, which was

reversed at the general term, and judgment rendered in favor of the defendants.

The latter judgment was affirmed. It was held, that a wife, during the life of her husband, has no estate or interest in his lands. That her inchoate right could be cut off by the act of the government in the exercise of its power of *eminent domain.*

That such act does not impair the obligation of contracts, dower not resulting from the contract of marriage, but from a positive institution of the state founded on reasons of public policy.

Therefore, a widow is entitled to dower, according to our law, though the marriage take place abroad, where the civil law, or other law differing from ours in that respect, prevails.

(See 4 Sandf. 456; 8 N. Y. 110, S. C.)