No. 9477.

DUNCAN ET AL. *v.* THE CITY OF TERRE HAUTE.

HUSBAND AND WIFE.—*City.*—*Donation of Land for Street by Husband Bars Wife's Interest.*—*Acceptance.*—A donation or grant of land by a husband, during life, to a municipal corporation for use as a street, noted as such on the plat of the city or an addition thereto, made in accordance with the statute, R. S. 1881, sec. 3374 *et seq.,* and accepted by the city, bars the inchoate interest of his wife in such land.

From the Vigo Circuit Court.

*C. F. McNutt, S. C. Davis* and *S. B. Davis,* for appellants. *I. N. Pierce* and *T. W. Harper,* for appellee.

COOMBS, J.—This action was originally commenced by John Duncan, but before any proceedings were had he died, and his widow, Mary J. Duncan, and his three children were substituted as plaintiffs, and thereupon the said Mary J. Duncan filed her cross complaint against the city and her co-plaintiffs, alleging, in substance, that on the 17th of February, 1872, John Duncan, who was then her husband, was the owner in fee of a part of out-lot No. 65, of the original out-lots in said city of Terre Haute, describing it; that said John Duncan on that day made, acknowledged and caused to be recorded in the recorder's office of Vigo county, a plat of said land as an addition to said city of Terre Haute, and thereby dedicated, as and for the purpose of a street, thirty feet off of the north side, and along the entire length of said lot; that said John Duncan died, leaving her, his widow, and three children, his only heirs at law; that she did not join with her husband in said dedication, or in any conveyance of said land, during the lifetime of her said husband, and that she is the owner of one undivided third part of said thirty feet off of the north side of said lot, and along the entire length thereof, in fee simple; and that said city is entitled to an easement, as of a street, in the undivided two-thirds, the residue of said strip or parcel of land, and that her co-plaintiffs, William, Samuel and John Duncan, as the heirs of John Duncan, deceased, are the owners

of the fee in reversion ; that the city of Terre Haute is claiming, adversely to her, the easement and right of a street upon, in and over the whole of said strip of land, denying and ignoring the plaintiff's right therein and thereto. Prayer that her title may be quieted, and for a partition of said land.

A demurrer to this complaint was overruled, and the defendant answered the cross complaint in two paragraphs, the first in denial.

" 2d. The defendant, for a second and further answer to said cross complaint, says, that, on the 17th of February, 1872, the husband of the plaintiff herein, John Duncan, executed and acknowledged a plat of that part of out-lot sixty-five, owned by him, and on the same day caused the plat to be recorded in the recorder's office of Vigo county, Indiana ; that the land so owned and platted is the same described in the cross complaint of the plaintiff; that, upon the execution and recording of the plat aforesaid, the city of Terre Haute accepted said dedication, and the said John Duncan ceased to pay taxes upon that part so dedicated as and for streets and alleys upon said plat; that the part of the street which the plaintiff herein asks partition of is upon said plat laid off, marked and designated as College street, is thirty feet in width, and that said John Duncan owned all the lands upon the south line of said street, between Sixth and Seventh streets, in the city of Terre Haute ; and that upon said plat the said John Duncan marked off and dedicated thirty feet, as and for the purpose of extending College street through from Sixth to Seventh streets, the other thirty feet, necessary to make said College street of one uniform width, being thirty feet off of the south side of the lands lying north of the property owned by John Duncan, being given and dedicated to the public by Richard Straut, the owner of said lands ; that said John Duncan opened all of the streets and alleys upon his said plat designated and dedicated, excepting thirty feet fronting on Sixth street, in said city, and extending back along the line of College street one hundred and ninety-eight feet, said land

lying and being upon the north side of the land owned by the said John Duncan, and being the thirty feet of land of which the plaintiff demands partition; that the streets and alley as platted by the said John Duncan, in his subdivision, compared exactly with the streets and alleys in all the subdivisions adjoining the subdivision of said Duncan."

Other matters are set forth in this answer by way of estoppel *in pais,* which, under the view we take of this case, need not be considered.

The plaintiff demurred to the second paragraph of the answer, for want of facts, which was overruled by the court, and proper exceptions taken, and the plaintiff, refusing to reply to said answer, elected to stand by her demurrer, and judgment was thereupon entered against her. The sufficiency of this answer depends upon the question whether a donation or grant to the public, noted as such on the plat of a town, or an addition to a town, made in accordance with the statutes of 1852 (1 R. S. 1876, p. 897), and accepted by the town, bars the dower of the wife of the donor, or rather the provisions made for the wife in lieu of dower.

The answer avers that John Duncan, the husband of the appellant, in his lifetime, made, acknowledged and caused to be recorded, a plat of the ground owned by him, as an addition to the city of Terre Haute, showing the dedication of the land for a public street, which was accepted by the city. No objection is made to the correctness of this plat or the dedication of the ground.

The courts of this country seem to have uniformly held, when the question has come before them, that when lands are appropriated by the exercise of eminent domain, or what is said to be equivalent to it, the dedication of lands to public use, the dower of the wife is defeated. *Guynne* v. *City of Cincinnati,* 3 Ohio, 24 (17 Am. Dec. 576); *Moore* v. *Mayor, etc.,* affirmed in the court of appeals, 8 N. Y. 110; *Jackson* v. *Edwards,* 7 Paige, 386; 1 Scribner Dower, p. 550 to 555. Dillon, in his treatise on Municipal Corporations, 2d ed., section

459, says : "As dower is not the result of contract, but is a positive legislative institution, it is constitutionally competent for the Legislature to authorize lands to be taken by a municipal corporation for a market, street, or other public use, upon an appraisement and payment of their value to the husband, the holder of the fee, and such taking and payment will confer an absolute title divested of any inchoate right of dower. Nor is a widow dowable in lands dedicated by her husband in his lifetime to the public, where the dedication is complete or has been accepted and acted upon by the municipal authorities."

Washburn, in treating of the various modes in which dower may be defeated, says : "One mode in which dower may be defeated remains to be mentioned, and that is, by the exercise of eminent domain during the life of the husband, or, what is equivalent to it, the dedication of land to the public use." 1 Washb. Real Prop., 4th ed., p. 269.

In *Moore* v. *City of New York*, 4 Sandf. 456, the court, in speaking of a former decision says : "We then held that the wife's right of dower was merely inchoate during the life of the husband, and that she had no vested or certain interest in his lands. The right being merely an incident to the marriage relation, it seems to us that while this right is thus inchoate, and before it has become vested by the death of the husband, any regulation of it may be made by the Legislature, though its operation is in effect to divest the right ; the marriage relation itself being within the power of the Legislature to modify, or even abolish it."

The second section of the act of 1852, 1 R. S. 1876, p. 897, provides that "Every donation or grant to the public, or to any individual, religious society, corporation or body politic, noted as such on the plat of the town wherein such donation or grant may have been made, shall be considered a general warranty to the said donee or grantee, for the purposes intended by the donor or grantor." What effect such a donation to an individual, etc., would have upon this question

of dower, we do not decide, the question not being before us. The precise question involved in the case at bar has never come before this court, but it has been repeatedly held that while dower is inchoate it may be regulated or abolished by the Legislature. *Noel* v. *Ewing*, 9 Ind. 37 ; *Strong* v. *Clem*, 12 Ind. 37.

In *Gimbel* v. *Stolte*, 59 Ind. 446, this court held that when a city has condemned real estate for street purposes, and has paid the owner therefor, it takes the property, for such purposes, discharged from the lien of previous judgments. We have been referred to no decisions or text-books conflicting with the above authorities, and we have found none. We think the facts set forth in the second paragraph of the defendant's answer a bar to the suit, and that no error was committed in overruling the demurrer thereto.

The judgment is affirmed, with costs.