ELIZA A. MASON vs. HERBERT N. MASON & others.

Bristol. Oct. 30, 1884. — Sept. 24, 1885. COLBURN, J., absent.

A conveyance by a married woman, during her husband's lifetime, of her in-
choate right of dower, is void, and does not estop her from maintaining a writ
of dower against the grantee, after her husband's death; and the grantee is not
entitled to have first repaid to him the sum paid as the consideration for the
conveyance, although he has filed an answer setting up this as an equitable
defence, under the St. of 1883, c. 223, § 14.

WRIT OF DOWER. Trial in the Superior Court, before *Brig-
ham*, C. J., who ruled that the demandant was entitled to her
dower; directed the jury to return a verdict accordingly; and
reported the case for the determination of this court. The facts
appear in the opinion.

*W. H. Fox*, for the tenants.

*C. A. Reed & J. H. Dean*, for the demandant.

DEVENS, J. The demandant, by her deed, made in her hus-
band's lifetime, undertook to convey to Herbert N. Mason, a son
of her husband and one of the devisees under his will subse-
quently made, all right, title, and interest which she then had
or might thereafter have in her husband's estate, expressly re-
ferring to her right of dower therein. It is the contention of
the tenants, that, under the present existing right of married
women to hold, manage, and dispose of their separate property
in the same manner as if they were sole, the demandant is now
estopped from making demand for dower, or from asserting any
interest in the husband's land. Pub. Sts. c. 147, § 1.

While the inchoate right of dower is a vested right of value,
dependent on the contingency of survivorship, it is not that
separate property which passes by conveyance, but a right
which one entitled thereto may, under certain circumstances,
release. It is of a peculiar character, and, before assignment,
the wife has no seisin. The right to be endowed from the real
estate of the husband is an ancient provision, made by the com-
mon law for the comfort of the wife upon his decease. Nor,
while she alone is entitled thereto, is it that separate property
which, during coverture, she may manage or dispose of at pleas-
ure, as distinct from that of the husband. The Pub. Sts. c. 124,

§ 6, and *c.* 147, § 16, carefully provide for certain modes by which a woman may bar her right of dower in the estate of her husband during his lifetime. They are by release, which is only to be made to him who holds the estate in which the right might otherwise be asserted. These modes we must hold to be exclusive.

The homestead right bears in many respects an analogy to the right to be endowed. It is provided, in terms, that no conveyance of an estate in which a homestead exists, or release or waiver thereof, shall operate " to defeat the right of the owner or of his wife and children to have a homestead therein, unless such conveyance is by a deed in which the wife of the owner, if he has any, joins for the purpose of releasing such right, in the manner in which she may release her dower," &c. Pub. Sts. *c.* 123, § 7. This statute certainly treats the homestead right of the wife as something different from that separate property which she may dispose of at her own discretion, and recognizes the modes of releasing dower as those prescribed by the statute.

Before the St. of 1874, *c.* 184, § 1, (Pub. Sts. *c.* 147, § 2,) it could hardly have been contended that an inchoate right of dower could have been conveyed except in these modes. That statute did, in terms, give to a married woman the fullest power to make contracts. But it was not designed to repeal or affect the provisions as to barring dower, and was enacted *alio intuitu.* In the revision of 1880, the old provisions as to barring dower were reënacted *uno flatu* with the provisions giving to a married woman the general power to contract. The Legislature could not have thought that the earlier provisions were repealed by the later. Both must be construed together, as parts of one system, and harmonized. The Pub. Sts. *c.* 147, § 2, must be limited in construction, so as to exclude the right of a married woman to make contracts for the conveyance of her right of dower. Such contracts, if upheld, would make the inchoate right of dower a separate estate from that of the husband, and would contravene the long-established policy of our law. Nor, if the inchoate right of dower could be transferred to any third person by a deed in the ordinary form, can any sufficient reason be suggested why the provisions on this subject should be reënacted and remain on the statute-book.

The instrument signed by the demandant, whether considered as a conveyance or as a contract, is therefore void at law. If such be the case, it cannot operate against the demandant by way of estoppel in equity. A court of equity cannot take jurisdiction to recognize and give effect to instruments which, under the statute law, are inoperative. *Merriam* v. *Boston, Clinton, & Fitchburg Railroad,* 117 Mass. 241. Nor does the case present, upon the facts, any equitable considerations in favor of an estoppel. By a bargain made between the wife and Herbert N. Mason, in which Herbert acted by the authority and with the assent of her husband, she was induced to agree to relinquish her dower for an inadequate price. The sum was paid to her by Herbert, but the will of her husband recognizes it as paid from his estate, so that it was anticipated by the father that it would be repaid therefrom. She not only relinquished her right to dower, but her share of the personal property, and agreed to give up her home within ten days.

The tenants have filed an answer, under the St. of 1883, *c.* 223, § 14, alleging, as an equitable defence, that Herbert N. Mason is entitled to receive the $300 paid by him as the consideration for the conveyance, before the demandant can assert her right of dower. The question as to her repayment of this sum does not here arise, and is to be settled elsewhere. Even if, under the statute, equitable defences, when complete, may be set up in a court of common law, all the powers of a court of equity are not imported into its proceedings. The existence of this claim should not prevent her recovery in a writ of dower.

A majority of the court, for these reasons, are of opinion that there should be
*Judgment on the verdict.*