In the Matter of the Petition of THE TRUSTEES OF THE NEW YORK AND BROOKLYN BRIDGE to Acquire Title to Real Property in the City of Brooklyn, Belonging to THOMAS J. LEARY and Others.

*Dower — divested by eminent domain but not extinguished.*

Where real property belonging to a married man is taken during coverture by the exercise of the right of eminent domain, an absolute title is acquired divested of any right of dower existing in his wife, but as between the wife and her husband the inchoate rights of the wife are not extinguished, but must be recognized and protected.

MOTION on behalf of Jessie Leary, made at the General Term in the first instance, for an order to compel restitution of the sum of $6,711, collected and received by the defendant, Thomas J. Leary, under and by means of an erroneous order entered in the above-entitled action on the 6th day of September, 1893.

*Grout, De Fere & Mayer*, for the motion.

*Fromme Brothers*, for Thomas J. Leary, opposed.

DYKMAN, J.:

This is a motion addressed to the General Term in the first instance for an order to compel restitution of the sum of $6,711. Previous to 1893, proceedings were instituted for the condemnation of real property belonging to Thomas J. Leary, under the right of eminent domain, for the purposes of the New York and Brooklyn bridge, and they were conducted to completion. The sum of $31,000 was awarded to Leary as compensation for the premises so condemned. There was a mortgage upon the premises, and after deducting the amount of that mortgage, which was paid from the award, one-third of the remainder was $6,711.

Subsequent to the making of the award Leary made an application to the court for the payment of that sum to him. The application was opposed by his wife, who claimed that the money should be invested during the lifetime of the husband, and that her inchoate right of dower in the fund should be recognized and protected.

Her application was denied, and an order was made which directed the money to be paid to her husband.

Upon the appeal to the General Term that order was reversed and the order of the General Term was subsequently affirmed in the Court of Appeals. In the meantime, however, Leary had obtained possession of the fund, and now a motion is made to the General Term for an order which shall compel him to make restitution, by the payment of the sum to the treasurer of Kings county, in accordance with the order made and entered upon the decision of the General Term.

The law applicable to this motion was settled by the General Term and the Court of Appeals, that where real property belonging to a married man is taken by the exercise of the right of eminent domain during coverture, an absolute title is acquired divested of any right of dower existing in his wife, but her inchoate rights as between herself and her husband are not extinguished, but must be recognized and protected as between her and her husband. Such being the settled law applicable to this case, there remains nothing to be said on this application.

The rights of the wife can only be protected by an order such as is now sought by the wife.

The motion must be granted, with ten dollars costs.

BROWN, P. J., and PRATT, J., concurred.

Motion granted, with ten dollars costs.