### ELLEN FLYNN *vs.* DAVID FLYNN & another.

Suffolk.    December 8, 9, 1897. — May 21, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Eminent Domain — Inchoate Right of Dower — Trust.*

When land is taken by the right of eminent domain, the wife of the person whose land is so taken is not entitled, by reason of her inchoate right of dower, to have a portion of the proceeds set apart by a court of equity for her benefit in case she survives her husband.

BILL IN EQUITY, praying that, by reason of her inchoate right of dower, a portion of the proceeds received from land taken by the right of eminent domain be set apart for the plaintiff's benefit in case she should survive her husband.  David Flynn, the husband, and William J. Flynn, the other defendant, to whom it was alleged David had assigned his claim for damages by reason of the taking, demurred to the bill for want of equity.  Hearing before *Lathrop*, J., who reserved the bill and the demurrers for the consideration of the full court.  If the demurrers were sustained, the bill was to be dismissed, with costs ; otherwise, the defendants were to have leave to answer.  The facts appear in the opinion.

*W. B. F. Whall*, for the defendants.

*W. A. Buie*, (*J. E. Crowley* with him,) for the plaintiff.

LATHROP, J. The land in which the plaintiff had an inchoate right of dower was taken by the city of Boston by right of eminent domain, for the purposes of a schoolhouse, the city acting by virtue of and in accordance with the provisions of the St. of 1895, c. 408. This act, in § 2, gives the board of street commissioners of Boston, at the request of the school committee, power to " take by purchase or otherwise such lands for school purposes as said school committee, with the approval of the mayor, shall designate, and to take any lands under the right of eminent domain." The board is also required to " sign, and cause to be recorded in the registry of deeds for the county of Suffolk, a statement containing a description thereof as certain as is required in a common conveyance of land and stating that the same are taken for school purposes; and upon the recording of any such statement the lands described therein shall be taken in fee for said city." We assume that all the formalities required have been complied with, and that the city now owns the land in fee.

The question then is whether an inchoate right of dower is such an interest in land that, when the land is taken by the right of eminent domain, the wife may apply to a court of equity to have in some way the benefit of such interest. We are not aware that this right has ever before been asserted in this Commonwealth, and this is the first time that the question has been presented for our decision.

It is declared by the Pub. Sts. c. 124, § 3, as follows : " A wife shall be entitled to her dower at common law in the lands of her deceased husband." This chapter makes many provisions in regard to dower, but there is none which relates to the question before us.

As common law, " a woman is entitled to dower out of all the lands whereof her husband was seised in fee simple, at any time during the coverture." 1 Greenl. Cruise, 175.

There is no doubt that the inchoate right of dower is an encumbrance upon land. *Shearer* v. *Ranger*, 22 Pick. 447. The release of such a right of dower is a good consideration for a promise. *Bullard* v. *Briggs*, 7 Pick. 533. *Holmes* v. *Winches-*

*ter*, 133 Mass. 140. *Nichols* v. *Nichols*, 136 Mass. 256. It is a contingent right, which the wife during coverture may have the assistance of the court to establish or protect. *Burns* v. *Lynde*, 6 Allen, 305. *Davis* v. *Wetherell*, 13 Allen, 60. *Madigan* v. *Walsh*, 22 Wis. 501. *Clifford* v. *Kampfe*, 147 N. Y. 383. *Buzick* v. *Buzick*, 44 Iowa, 259. So, too, a wife having an inchoate right of dower may maintain a bill in equity to redeem land from a mortgage in which she has joined with her husband to release dower. *Davis* v. *Wetherell*, 13 Allen, 60. *Lamb* v. *Montague*, 112 Mass. 352. See Pub. Sts. c. 124, § 5. But if the mortgage contains a power of sale, and the wife has joined in the deed with her husband in release of her dower, a sale of the land in pursuance of the power bars all claim and possibility of dower. Pub. Sts. c. 181, § 19.

While a wife may, under Pub. Sts. c. 124, § 6, bar her right of dower by releasing the same in a deed executed by her husband, or by a subsequent deed executed either separately or jointly with her husband, yet she cannot convey her inchoate right of dower to a person to whom her husband has not conveyed the land. Such a deed is void. *Mason* v. *Mason*, 140 Mass. 63. See also *Reiff* v. *Horst*, 55 Md. 42. In *Mason* v. *Mason*, it was said by Mr. Justice Devens: " While the inchoate right of dower is a vested right of value, dependent on the contingency of survivorship, it is not that separate property which passes by conveyance, but a right which one entitled thereto may, under certain circumstances, release. It is of a peculiar character, and, before assignment, the wife has no seisin." While the word " vested " is used in this case, it would seem that the word " contingent," which was used by Chief Justice Parker in *Bullard* v. *Briggs*, 7 Pick. 533, 539, would more accurately describe the nature of the estate. After an assignment of dower is made, the widow acquires no new freehold, her seisin being deemed in contemplation of law a continuation of her husband's seisin. *Windham* v. *Portland*, 4 Mass. 384, 388.

Even after the death of the husband, a creditor cannot at law attach the right of the widow to have her dower assigned to her, or take the same on execution. *McMahon* v. *Gray*, 150 Mass. 289. Until dower has been assigned to her, a widow has no estate in the land of her deceased husband. *Smith* v. *Shaw*, 150

Mass. 297. *State* v. *Wincroft*, 76 N. C. 38. Nor can she object to a partition of the land among the tenants in common. *Motley* v. *Blake*, 12 Mass. 280. *Ward* v. *Gardner*, 112 Mass. 42.

There can be no doubt that the inchoate right of the wife is always subject to any encumbrance or infirmity in the husband's title existing at the time he became seised; and we are also of opinion that it is subject to any incident attached to it by law. The land may be sold on a petition for partition, if the husband is a tenant in common. Pub. Sts. c. 178, § 65. When this happens, it has been held in a well considered case in Indiana that the wife is not a necessary party to the partition proceedings, and is not entitled to share in the fund derived from the sale. *Haggerty* v. *Wagner*, 148 Ind. 625.

Land may be sold for taxes, and if there is a surplus it is to be paid " to the owner of the estate." Pub. Sts. c. 12, § 35. St. 1888, c. 390, § 40. In a case arising under a New York statute, which directed that any surplus arising on a tax sale " shall be held for the use of and paid over to the person legally entitled upon his establishing his right thereto," it was held that the owner of the land was entitled to the surplus. *People* v. *Palmer*, 10 App. Div. (N. Y.) 395. It was also held in this case that the interest which the wife of the owner had in the land by virtue of her inchoate right of dower, although a valuable interest, was not an " estate " in the land which would give her a right to redeem from the tax sale, under a statute giving a right to redeem to " any person or persons having an estate in, or any mortgagee of " any land sold for taxes.

It is also an incident of land that it is liable to be taken by the right of eminent domain, and we are of opinion that when it is so taken in the lifetime of the husband, the wife is not entitled, on account of her inchoate right of dower, to have any portion of the money received for the land either paid to her directly, or set aside for her benefit on the contingency of her surviving her husband. If the land had not been taken, the husband could have done what he pleased with it during his life. He might have sold it for its full value, yet the wife could not interfere, or deprive him of the use of any part of the purchase money. In case the husband survived the wife, the purchaser would have a good title, which the heirs of the wife could not interfere with

If the chief value of the estate should consist of a building on the land, which was insured by the husband, and the building should be destroyed by fire, no one would contend that the wife had any interest in the insurance money, or that a court of equity would compel a part of the money to be set aside for her benefit unless the husband would agree to rebuild the house. Again, if a parcel of land should be washed away by the negligent maintaining of a dam, and the owner of the land should recover as damages the full value of the land, would not the money so received be his to do with as he pleased?

The only case in support of the doctrine contended for by the petitioner which has been decided by a court of last resort is that of *Wheeler* v. *Kirtland*, 12 C. E. Green, 534, decided in 1875 by the Court of Errors and Appeals in New Jersey. It laid down a new doctrine, which has not since been recognized except by a court of inferior jurisdiction, and which we are of opinion is opposed to sound principles.

The case of *Wheeler* v. *Kirtland* was partly decided on the ground that the rule laid down in *Moore* v. *New York*, 4 Seld. 110, had been repudiated or modified in later decisions in that State, citing *In re Central Park Extension*, 16 Abb. Pr. 56, 68, and *Simar* v. *Canaday*, 53 N. Y. 298. In *Moore* v. *New York*, 4 Seld. 110, lands in which the wife had an inchoate right of dower were taken by the right of eminent domain. After the husband's death, his wife claimed dower in them. The statute under which the land was taken authorized commissioners to make "a just estimate of the damage to the respective owners, lessees, parties, and persons respectively entitled unto or interested in the lands." It was said by Gardiner, J.: "The question is whether the possibility of dower accruing to the wife after marriage, but before the death of the husband, is an interest in law, within the purview of this statute. . . . Such a possibility may be released, but it is not, it is believed, the subject of grant or assignment, nor is it in any sense an interest in real estate."

It was held in *In re Central Park Extension*, 16 Abb. Pr. 56, 69, on the authority of *Moore* v. *New York*, that the inchoate right of dower was not an interest in real estate. Judge Ingraham, however, added, after quoting the remarks of Gardiner, J.:

"It might have been added to that case, that the right was transferred from the land to the money received for the land by the husband, if the wife survived him."

The case of *Simar* v. *Canaday*, 53 N. Y. 298, merely decides that, if a husband is induced to part with his land by fraud, his wife has such an interest that she can join with him in an action against the fraudulent purchaser.

The rule laid down in *Moore* v. *New York*, so far from being repudiated or modified in that State by later decisions, has been recognized and affirmed by the Court of Appeals, *Witthaus* v. *Schack*, 105 N. Y. 332, where it is said by Ruger, C. J.: "The settled theory of the law as to the nature of an inchoate right of dower is that it is not an estate or interest in land at all, but is a contingent claim arising not out of contract, but as an institution of law, constituting a mere chose in action incapable of transfer by grant or conveyance, but susceptible only during its inchoate state of extinguishment. By force of the statute this is effected by the act of the wife in joining with her husband in the execution of a deed of the land. Such deed, so far as the wife is concerned, operates as a release or satisfaction of the interest and not as a conveyance, and removes an encumbrance instead of transferring an interest." See also *Hammond* v. *Pennock*, 61 N. Y. 145, 158.

The only case which has been brought to our attention that has followed *Wheeler* v. *Kirtland* is *In re New York & Brooklyn Bridge*, 75 Hun, 558, and 89 Hun, 219. But the view taken of the nature of the inchoate right of dower in this case does not seem to be in conformity with the cases above cited from the higher courts of New York.

In the cases of *Bonner* v. *Peterson*, 44 Ill. 253, and *In re Hall's estate*, L. R. 9 Eq. 179, cited by the plaintiff, the husband had died, and the widow's right of dower was no longer inchoate when the land was taken.

For the reasons before stated, we are of opinion that the bill should be dismissed.

*So ordered.*