JOHN GRIFFITH v. C. S. PENCE, W. F. DENNISON, AND NEWTON RESOR.

No. 726.   ( 59 Pac. 677.)

1. DRAINAGE—*Authority of Township Trustee—Findings.* A township trustee, under the provisions of chapter 34 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 146; Gen. Stat. 1899, ch. 34, §§ 2473-2504), has general jurisdiction, upon petition, to establish a drainage ditch in his township, when in the opinion of the trustee the same will be conducive to the public health, convenience, or welfare, and when he acts upon the petition his findings in these respects are conclusive as against a collateral attack.

2. ———— *Constitutionality of Act.* The drainage act, chapter 100 of the Laws of 1879, with amendments thereto, is constitutional and valid.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed January 4, 1900.   Affirmed.

*Vance & Campbell,* for plaintiff in error.

*Schenck & Pence,* and *A. P. Jetmore,* for defendants in error.

The opinion of the court was delivered by

McELROY, J. : This action was instituted by John Griffith in the district court of Shawnee county against C. S. Pence, W. F. Dennison and Newton Resor for an injunction to restrain the defendants from digging a drainage ditch on plaintiff's land. The defendants demurred on the ground that the pe-

tition did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and rendered judgment against the plaintiff for costs of suit. John Griffith, plaintiff, as plaintiff in error, presents the record to this court for review. He contends that the Pence petition for the drainage ditch was lacking in the necessary statements or showing of jurisdictional facts necessary to authorize the trustee to act; that is, that the record fails to show the existence of such facts as to authorize the appropriation of his lands for that purpose against his will.

It appears from the record that the plaintiff is the owner of the west half of the southwest quarter of section 8, township 10, range 15 east; that the defendant Pence is the owner of the west half of the northwest quarter of section 17, same township and range; that there is a public road between the lands of plaintiff and defendant; that Pence, on the 15th day of February, 1896, for the purpose of having a ditch dug across the lands, in pursuance of chapter 34, General Statutes of 1889 (Gen. Stat. 1899, §§ 2473–2504), filed with the clerk of Menoken township, where the lands are situated, his petition and bond, which were accepted by the clerk, who in due time notified the trustee of the filing and pendency of the petition. The plaintiff was notified that the petition would be heard on the 26th day of February, 1896. He appeared and objected to any action being taken upon the petition for the reasons that it would be a great damage to him and that the ditch is not demanded by nor will it be conducive to the public health, convenience, or welfare. The trustee adjourned the hearing until the 11th day of March, at which time he decided that the ditch should be opened substantially as asked in the petition.

The plaintiff in error contends that, before a trustee has any authority to act, a petition must be filed showing that the ditch is demanded by or will be con-ducive to the public health, convenience, or welfare. It would seem very proper that the petition should state or show that the proposed ditch would be conducive to public health, convenience, or welfare.   Under the provisions of the act, however, it is provided that the township trustee shall have power, whenever in his opinion the same is demanded by or will be conducive to the public health, convenience, or welfare, to cause to be established, located or constructed a ditch, drain or watercourse within such township.   The act also provides that a petition shall be filed setting forth the necessity of the ditch.   This petition alleges that the ditch is necessary for draining a large tract of land; that there is not a sufficient outlet for a proper drain-age on the land.

The township trustee had general jurisdiction, upon petition, to establish drains or ditches in his township when in his opinion the same will be conducive to the public health, convenience, or welfare, and he had ju-risdiction of the parties; and even if the petition was defective, he acted upon it, finding that the drain or ditch would be conducive to the public health, con-venience, and welfare, and that finding is conclusive as against a collateral attack.

It is contended that Pence could drain his land as well by digging the ditch entirely on his own premises as by putting a part of it on plaintiff's land.   The ob-ject of the ditch was to drain a large portion of sec-tions 17 and 8, and the lands adjoining.   If the only object of the ditch was to drain the lands of Pence, of course the petition should fail.   The question, however, was as to whether the route selected was practical, or

most practicable, for the purpose of draining the designated lands. That question was entrusted to the trustee; he is designated by law to locate the ditch, and, in the absence of gross abuse of discretion, which is not charged, his action cannot be reviewed by a collateral attack.

It is further claimed that the township trustee lost jurisdiction by continuing the hearing. The record does not disclose the necessity for or the object of this continuance. The trustee was acting in a judicial capacity, and had a right to continue the hearing. This continuance at most was a mere irregularity on the part of the trustee, which would not vitiate his whole proceeding; besides, there is no suggestion that this delay resulted injuriously.

Finally, it is contended that the drainage act of 1879 (ch. 100), with amendments thereto, is unconstitutional and void, for the reason th t it is in violation of the constitution of the United States, providing that private property shall not "be taken for public use without just compensation."

Drainage laws similar to ours have been held constitutional in almost every state in the union, some holding that they are constitutional under the police power, some under the right of eminent domain, and others under the taxing power. It seems to have been the intention of the legislature to place our drainage act under the provisions of the police power of the state. It cannot be questioned that the owner of swamps and other unhealthful lands may be compelled to let them be drained, and that he may be required to contribute toward the expense of such drainage. The promotion of public health is undoubtedly a public use, within the meaning of the constitution.

Griffith v. Pence.

In the American and English Encyclopedia of Law, volume 6, page 2, it is said : " The power of the legislature to enact laws pertaining to the drainage of lands, and having in view either the preservation of public health or reclamation of wet or marshy lands, is well established, and such laws have been upheld." (Citing *Haggar v. Reclamation District*, 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569, and cases from Arkansas, California, Illinois, Indiana, Iowa, Kentucky, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, and Wisconsin.)　And it is said further :

"The expense of constructing and maintaining ditches and drains is usually provided for by special assessment upon the lands drained.　.　.　.　A law authorizing the levy of assessment upon lands according to the benefit received from a system of drainage is not unconstitutional on the ground that it deprives a property owner of his property without due process of law, where he has had ample opportunity to be heard on all questions of law and fact in the case, and to contest the amount or validity of the assessment either before the amount is determined or in the proceeding for its enforcement."

The act under consideration furnishes ample facilities for the landowner to present his claim for damages, to contest every question pertaining to his rights, and gives ample opportunities for appeals and for questioning the regularity and legality of all proceedings in the establishment of the ditch or drain.　It therefore comes within the adjudicated constitutional drainage laws.

The judgment of the trial court is affirmed.