SUMMERS ET AL., APPELLANTS, *v.* SULLIVAN, COUNTY DRAIN
COMMR., RESPONDENT.

(No. 2,645.)

(Submitted April 8, 1909.   Decided April 19, 1909.)

[101 Pac. 166.]

*Drains—Injunction—Complaint—Married Women—Parties.*

Drains—Injunction—Will not Lie, When.
1. Possible depreciation of farm lands, by reason of the impairment
of water rights appurtenant thereto, which may be caused by the
laying out of a public drain across them, is not of itself sufficient
cause for the issuance of an injunction to prevent its construction.
This is an element to be considered in assessing damages to the owner
in proceedings had under the drain statute.   (Revised Codes, secs. 2412
*et seq.*)

Same—Statutory Provisions—Failure to Comply with—When Immaterial.
2. In his application to the district court asking the appointment of
special commissioners to determine the necessity of a proposed drain
and the just compensation to be made for the taking of real prop-
erty of certain land owners, who would not consent to the release
of a right of way or forego the damages which would accrue to them
by reason of the construction of the drain, the drain commissioner,
among others, described the lands of a certain one of such owners,
but failed to set out her name, as required by section 2415, Revised
Codes. *Held*, that this omission did not render the whole proceeding
void.

Same—Injunction—Complaint—Insufficiency.
3. Where the complaint of a number of land owners asking an in-
junction against a drain commissioner to restrain him from proceed-
ing with the establishment of a public drain over their lands, failed
to state that a certain one of them was not a party to proceedings
had under the drain statute (Revised Codes, secs. 2412 *et seq.*), that
she was not served with citation, that she did not appear and contest
the right of the commissioner to proceed, and that the special com-
missioners did not hear her and assess and award to her adequate
damages, it was *insufficient* as to her.

Same—Married Women—Parties.
4. A married woman having only an·inchoate right of dower in her
husband's lands over which a right of way for a public drain is
sought to be secured under the drain statute need not be made a party
to the proceedings.

*Appeal from District Court, Yellowstone County; Sydney
Fox, Judge.*

ACTION by Elmer G. Summers and others against D. F.
Sullivan, as drain commissioner of Yellowstone county. From
a judgment for defendant, plaintiffs appeal. Affirmed.

*Mr. W. M. Johnston,* for Appellants.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poor-man,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Prior to August, 1908, D. F. Sullivan, the county drain commissioner of Yellowstone county, received a petition for the establishment of a certain public drain. Proceedings were had thereupon pursuant to the provisions of our drain statute. (Revised Codes, secs. 2412 *et seq.*) Certain land owners over whose property it was sought to secure a right of way for the drain refused to release the right of way or forego the damages which would accrue to them by reason of the construction of the drain, and thereupon an application was made to the district court for the appointment of special commissioners to determine the necessity for the drain, the necessity for taking private property for the purposes thereof, and the just compensation to be made. After the special commissioners had made their report, a suit was brought to enjoin the drain commissioner from proceeding further. The burden of the complaint is that certain of the plaintiffs own arid lands which require artificial irrigation; that each of them has made an appropriation of water from Allendale or Laurel creek to irrigate his respective tracts of land; and that the drain, if established, will cut off the source of supply of water, and render these several water rights useless. It is also alleged that one of the plaintiffs, Margaret Summers, over whose lands it was sought to lay the drain, was not named in the application of the drain commissioner to the district court. It is also alleged that Margaret Summers is the wife of Elmer G. Summers, that Ida B. Jones is the wife of D. A. Jones, and Clara M. Jones is the wife of William I. Jones, and that each of these women has an inchoate right of dower in the lands of her husband which are sought to be taken for the right of way for the drain, and that they were not named in the application of the drain commissioner. To the

complaint setting forth the facts a demurrer was sustained, and plaintiffs, electing to stand upon their complaint, suffered judgment to be entered against them, from which judgment they appeal.

1. There is not any attack made upon the drainage law nor upon the regularity of the proceedings taken to establish the drain, so far as they went. The contention of the appellants is that the effect of the establishment of this drain will be to take from them their respective water rights, and, since the use of water for irrigation is declared to be a public use, they say that their rights cannot be appropriated except by condemnation proceedings, in which it should be made to appear that the use for drainage is a more necessary public use than the use to which they had theretofore been applied. This argument might be persuasive if it appeared that the object of the proceedings to establish the drain was to acquire or destroy these water rights; but such is not the case. On the contrary, the only purpose of the drainage proceedings, so far as they affect these plaintiffs, is to acquire a right of way for a drain. The legislative authority generally to enact these drainage statutes is derived from the police power, the power of eminent domain, or the taxing power. (*Griffith* v. *Pence,* 9 Kan. App. 253, 59 Pac. 677; 10 Am. & Eng. Ency. of Law, 2d ed., 222; 14 Cyc. 1025.) The proceedings under our statute are essentially those of eminent domain, and, if in obtaining a right of way for a drain across the lands of these plaintiffs their lands will be depreciated in value by reason of the impairment of their water rights, this is one of the elements to be considered in assessing damages to them. The proceeding, in principle, is not different from the proceeding to establish a public road; and if, in laying out a public highway across a man's land, his irrigating ditch should be so interrupted as to render his water right of little or no value, this would not of itself give rise to a cause of action for an injunction to prevent the establishment of the highway, but would be an element to be considered in assessing damages to the land owner.

2. In the preliminary portion of his brief counsel for appellants enumerates as one of the questions raised by the appeal the following: "Said proceedings were also irregular, in that Margaret Summers, who is a part owner of one of the water rights in question, and owner of a portion of the lands in question, was given no notice of the proceedings for establishment of said drain, and was not made a party thereto." There does not appear to be any portion of the argument directed to the support of this contention. However, it is alleged that, in the application of the drain commissioner for the appointment of special commissioners, the lands of Margaret Summers were described, but she was not named as an owner of any of the lands. It is true that section 2415 requires that the application shall set forth: "(1) The several descriptions of tracts of land with the names of the owner or owners of every such tract who have refused or neglected to execute a release of right of way and damages in any way arising or incident to the opening or maintaining the said proposed drain." But we can easily conceive of a case where a particular individual might be the owner of certain lands and that fact not appear of record, in which event the drain commissioner might make the mistake of assuming that the land belonged to the holder of the record title. This is said merely to illustrate our idea that the statute does not intend to require the drain commissioner to state the names of the land owners accurately under pain of having the proceedings held void for his failure to do so; and, while the statute is mandatory in form, we do not believe that it was intended to be so far construed mandatory as to render the proceedings void on account of misnaming a party, or a mere failure to give the name of a particular nonconsenting land owner.

The complaint fails to state that Margaret Summers was not a party to the proceedings; that she was not served with citation; that she did not appear and contest the right of the drain commissioner to have the drain established; that the special commissioners did not hear her and assess and award to her adequate damages, and, since she has come into a court of

equity, she must show a clear right to relief, and this she has failed to do.

3. It is also contended that the wife of each of the plaintiffs, Elmer G. Summers, D. A. Jones, and William I. Jones, should have been made a party to the proceedings to secure a right of way for the drain in order to foreclose her right of dower in her husband's real estate so sought to be taken. While there appears to be some conflict of authority upon this question, the better rule, and the one which seems to be supported by the weight of authority, is that it is not necessary to make a married woman having only an inchoate right of dower in her husband's real estate a party to proceedings in condemnation to secure a right of way over such real estate. (Elliott on Roads and Streets, 2d ed., 325; Mills on Eminent Domain, sec. 71; *Venable* v. *Wabash W. Ry. Co.*, 112 Mo. 103, 20 S. W. 493, 18 L. R. A. 68; *Flynn* v. *Flynn*, 171 Mass. 312, 68 Am. St. Rep. 427, 50 N. E. 650, 42 L. R. A. 98; 14 Cyc. 931; 15 Cyc. 840.)

There does not appear to be any error in the record. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.