In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Purpose of Opening Cropsey Avenue from Bay Thirty-seventh Street to Bay Parkway, etc., in the Borough of Brooklyn, City of New York.*

In the Matter of the Petition of FREDERICK SEMKEN, Owner of Damage Parcels Nos. 383 to 388, Inclusive, Appellant; ANNA SEMKEN, Respondent.

Second Department, April 5, 1935.

*Frank W. Holmes,* for the appellant.

*John J. Kirby* [*James H. Gilvarry* with him on the brief], for the respondent.

* Revd., 268 N. Y. 183.

JOHNSTON, J. The facts are as follows: Since January 24, 1924, appellant and respondent have been husband and wife. Prior to May 15, 1929, appellant was the owner in fee of a parcel of land fronting on Cropsey avenue, Brooklyn, and containing about 75,000 square feet. In a street opening proceeding, to which respondent was not a party, the city of New York condemned a portion of appellant's property forty feet in depth and containing about 9,400 square feet. Title vested in the city on May 15, 1929. The tentative decree awarded appellant $27,208 for the land and $26,050 for the improvements, consisting of two one-family and two two-family houses. The final decree awarded appellant $53,258, with interest to November 19, 1934, making a total of $68,432.54. On March 17, 1934, respondent, claiming she was entitled to dower in the property taken, filed with the comptroller a notice of lien against the award. On November 19, 1934, the comptroller paid appellant $50,762.24 and deposited $17,670.30 with the chamberlain to the credit of appellant, subject to respondent's dower. Out of the sum received by appellant he paid $12,000 in satisfaction of a mortgage affecting a portion of the property acquired by the city and $3,421.63 in satisfaction of an attorney's lien for services rendered in the condemnation proceeding. Appellant expended the balance and other sums in improving the remaining property. The sum deposited with the chamberlain represents one-third of the balance of the total award, less the amounts paid to satisfy the mortgage and attorney's lien. The only issue of fact is whether or not respondent, for a valuable consideration, released her dower in appellant's property; but as that point is not stressed here we need not consider it. It is from the order denying his application to recover the sum deposited with the chamberlain that petitioner appeals.

The question is whether an inchoate right of dower is such an interest in land taken by eminent domain that the wife is entitled to have a part of the award set apart for her benefit in case she survives her husband.

A wife's inchoate right of dower is a subsisting and valuable interest which attaches to the land as soon as there is a concurrence of marriage and seizin. (*Clifford* v. *Kampfe*, 147 N. Y. 383, 386.) While the courts will safeguard it from fraudulent destruction (*Byrnes* v. *Owen*, 243 N. Y. 211), it is not an estate or interest in land but only " a contingent claim arising not out of contract, but as an institution of law, constituting a mere chose in action incapable of transfer by grant or conveyance, but susceptible only during its inchoate state, of extinguishment." (*Witthaus* v. *Schack*, 105 N. Y. 332, 336.) It may be altered, diminished or abolished by act of the

Legislature (*Ferry* v. *Spokane, P. & S. R. Co.*, 258 U. S. 314); or barred by the husband's treason (*Moore* v. *Mayor, Aldermen, etc., of New York*, 8 N. Y. 110); or lost if the husband during his lifetime dedicates the lands to the public for a legitimate purpose (*Venable* v. *Wabash Western R. Co.*, 112 Mo. 103; 20 S. W. 493, and cases cited); or forfeited by the wife's adultery; or released by her joining with her husband in the execution of a deed although by so doing she does not transfer an interest in but only removes a possible incumbrance on the property (*Witthaus* v. *Schack, supra*).

It is uniformly stated by eminent authors that an inchoate right of dower is extinguished where lands are lawfully appropriated by virtue of the right of eminent domain. (1 Nichols Eminent Domain [2d ed.], § 120; 1 Scribner Dower [2d ed.], pp. 577, 582; 1 Washburn Real Prop. [5th ed.] p. 279; 2 Dillon Mun. Corp. [4th ed.] § 594; 1 Elliott Roads and Streets [4th ed.] § 347; Mills, Eminent Domain [2d ed.], § 71.)

I believe it is safe to say the weight of authority in this country supports the rule expressed by the writers mentioned. (*Venable* v. *Wabash Western R. Co., supra; French* v. *Lord,* 69 Me. 537; *Flynn* v. *Flynn,* 171 Mass. 312; 50 N. E. 650; *Summers* v. *Sullivan,* 39 Mont. 42; 101 P. 166; *Justis* v. *Georgia Industrial Realty Co.,* 109 Va. 366; 63 S. E. 1084; *Duncan* v. *Terre Haute,* 85 Ind. 104; *Baker* v. *Atchison, etc., R. Co.,* 122 Mo. 396; 30 S. W. 301; *Gwynne* v. *Cincinnati,* 3 Ohio, 24; *Arnold* v. *Buffalo, R. & P. R. Co.,* 32 Penn. Super. Ct. 452.)

Respondent does not dispute the rule obtains elsewhere, but insists it does not now apply in this State. It must be admitted our courts have taken a curious course on the subject. What seems to be the leading case, although an old one, is *Moore* v. *Mayor, Aldermen, etc., of New York* (*supra*), which has been cited by nearly all the courts in other jurisdictions for the proposition that when lands are taken by eminent domain the possibility of dower is defeated. There, lands in which the wife had an inchoate right of dower were taken in condemnation proceedings, to which the wife was not a party, and an award was made and paid to the husband. The statute under which the lands were acquired authorized the commissioners to make " a just estimate of the damage to the respective owners, lessees, parties and persons respectively entitled unto or *interested* in the lands." After the husband's death the wife claimed dower in them. The court held the husband, while living, was the only person owning and representing the fee and was entitled to its full value and the wife had no estate or interest in the lands because of her inchoate right of dower, which was a mere possibility incapable of being estimated with any degree of accuracy.

It is contended, however, that the rule laid down in *Moore* v. *Mayor, Aldermen, etc., of New York* (*supra*), if not repudiated, has been limited, by later decisions, to mean that as against the State no wife can claim dower in lands acquired by eminent domain, In support of this contention respondent cites *Matter of Central Park Extension* (16 Abb. Pr. 56); *Simar* v. *Canaday* (53 N. Y. 298), and *Matter of Brooklyn Bridge* (75 Hun, 558; affd., without opinion. 143 N. Y. 640, and 89 Hun, 219).

*Matter of Central Park Extension* (*supra*) was a condemnation proceeding to acquire land for a public park. Objection was made to the confirmation of the commissioners' report because no allowance was made for the inchoate right of dower held by the wives of some of the owners of the fee. Mr. Justice INGRAHAM overruled the objection and said: " This question was discussed and settled by the Court of Appeals in *Moore* v. *Mayor, etc., of N. Y.* (8 N. Y. 110), in which the court held that the inchoate right of dower was not an interest in real estate." After quoting from the opinion in the *Moore* case, the learned justice then observed: " It might have been added to that case, that the right was transferred from the land to the money received for the land by the husband, if the wife survived him." Obviously this last statement was mere dictum, and in no event can it be said to modify the rule laid down in the *Moore* case.

In *Simar* v. *Canaday* (*supra*) a husband and wife had joined in a conveyance of the husband's lands, in which the wife had no interest other than the inchoate right of dower. The sale was induced by the fraud of the grantee. Upon discovery of the fraud both brought an action for damages, the husband because he was defrauded of the fee, the wife because she was defrauded of her inchoate right of dower. It was urged the wife's right of dower was not such a right or interest as the law will protect from injury. The court held that the inchoate rights of the wife are as much entitled to protection as the vested rights of the widow, and reinstated a verdict for the wife. Judge FOLGER, writing for the court, said (p. 304): " We think that it must be considered as settled in this State, notwithstanding *Moore* v. *The Mayor*, and some *dicta* in other cases, that, as between a wife and any other than the State, or its delegates or agents exercising the right of eminent domain, an inchoate right of dower in lands is a subsisting and valuable interest which will be protected and preserved to her, and that she has a right of action to that end."

Respondent contends the language just quoted is a repudiation of the rule stated in the *Moore* case. I think not. In fact, Judge FOLGER earlier in his opinion reiterated the rule that when a

husband's land is taken by eminent domain his wife's inchoate right of dower is extinguished. Nor does the language just quoted work a limitation of the rule. It merely asserts a principle well grounded in the law and pertinent to the facts in that case, but which has no application here.

*Matter of Brooklyn Bridge (supra)* was a proceeding for the acquisition of real property by the exercise of the right of eminent domain. One Leary owned the fee, and his wife was made a party to the proceeding. A judgment entered upon default was opened upon motion of the wife because she had not been served with notice. The judgment was modified so as to provide that one-third of the compensation for the property should be paid into court to abide further order. Leary acquiesced in the entry of the judgment and did not appeal therefrom, and its provisions had been performed. Subsequently he made application for the payment to him of the fund set apart. His wife opposed the application and demanded her inchoate right of dower in the property be recognized and the money be invested during the lifetime of her husband. Mr. Justice CULLEN, at Special Term, granted the application on the authority of *Moore* v. *Mayor, Aldermen, etc., of New York (supra)*. The General Term reversed the order. Mr. Justice DYKMAN, in his opinion, stated the wife's inchoate right of dower in lands taken by right of eminent domain is a subsisting interest which will be protected, and as dower is highly favored in equity, the money deposited may be deemed real estate. But the award was personal property. It was not land. (*Matter of Seventh Avenue*, 59 App. Div. 175, 177; *Van Loan* v. *City of New York*, 105 id. 572; *King* v. *Mayor, etc., of N. Y.*, 102 N. Y. 171; *Matter of Mayor* [*Trinity Ave.*], 116 App. Div. 252; *N. Y. C. & H. R. R. R. Co.* v. *Cottle*, 102 Misc. 30; affd., 187 App. Div. 131.) The character of the real property was changed into personalty by the award, and there was no equitable consideration which permitted the court to treat the award as realty. (*Wendel* v. *Binninger*, 132 App. Div. 785, 789.)

Mr. Justice DYKMAN also repeated the rule stated in the *Moore* case, but declared its operation had been circumscribed by *Simar* v. *Canaday (supra)* so as to leave it to stand as authority only as between the wife and the State and its delegates. I have heretofore shown this conclusion was not well founded.

The order of the General Term in *Matter of Brooklyn Bridge (supra)* was affirmed, without opinion, by the Court of Appeals. It is well settled this does not mean the court adopted or approved the opinion of the court below. The sum set apart for the wife was pursuant to the judgment entered upon consent of the husband in the condemnation proceeding, to which the wife was a party,

and as the provisions of the judgment had been performed, the Court of Appeals doubtless determined the husband was estopped and not entitled to the order he sought against the city.

The rule laid down in the *Moore* case has not been repudiated or modified. In fact, it has been reaffirmed by the Court of Appeals (*Witthaus* v. *Schack, supra*). It also has been followed by this court (*People ex rel. McColgan* v. *Palmer*, 10 App. Div. 395), when it was held that where property was sold for taxes the owner's wife did not have such an interest in the land as would enable her to redeem and defeat the title of the purchaser.

The only case which supports the doctrine urged by the respondent is *Wheeler* v. *Kirtland* (27 N. J. Eq. 534, decided by the Court of Errors and Appeals in 1875). There, land was condemned upon notice to the husband. The award was paid to a third person to abide the order of the Court of Chancery. The court, while frankly admitting a similar decision never had been made, held that when the husband's land was taken by eminent domain the value of the wife's inchoate right of dower passed into the award, and equity will secure it to her. The court also acknowledged that the rule laid down in *Moore* v. *Mayor, Aldermen, etc., of New York* (*supra*) was " in conformity with the settled law in England and this country." It is apparent the learned judge who wrote the opinion labored under the misapprehension that the doctrine enunciated in the *Moore* case had been modified by *Simar* v. *Canaday* (*supra*). The decision is without precedent to support it and opposed to sound principles.

It would unduly extend this opinion to discuss the many cases in other jurisdictions which support the views heretofore expressed. *Flynn* v. *Flynn* (171 Mass. 312; 50 N. E. 650), however, is typical and on all fours with the case at bar. The court said: " It [the wife's inchoate right of dower] is also an incident of land that * * * is liable to be taken by the right of eminent domain, and we are of opinion that when it is so taken in the lifetime of the husband, the wife is not entitled, on account of her inchoate right of dower, to have any portion of the money received for the land either paid to her directly, or set aside for her benefit on the contingency of her surviving her husband."

Before title vested in the city the wife had no estate in the land; nor had she any lien thereon. The wife's inchoate right of dower depended upon her survival and was subject to the changes which may occur during the husband's lifetime. The husband was the owner of the fee and the property was his to do with as he pleased, that is, with due regard for the rights of the public. The wife could not interfere with the husband's occupancy or use of the

property; nor could she prevent him from committing waste thereon. If the husband sold one of the houses erected on the property the wife could not deprive him of any part of the purchase price; nor could she interfere with the removal of the house by him or the purchaser. If the property or its improvements were injured or destroyed the damages collected therefor, by judgment or otherwise, would belong to the husband, free from any interest of his wife. If a portion of the land were washed away by the negligent maintenance of a dam and the husband recovered damages for the value of the lost land, the money would be his to do with as he pleased. (*Flynn* v. *Flynn, supra.*) Respondent's contention that a different rule obtains when the land is taken in a condemnation proceeding — which is merely the appropriation *in invitum* of the land — is untenable and not supported by controlling authority or sound reasoning.

The husband as owner of the fee was entitled to full compensation. This was awarded him by the judgment entered in the condemnation proceeding. It has been denied him by the order appealed from. It is no answer to say the fund is deposited to his credit and the income is to be paid to him, and his wife will receive no part of the fund unless she survives him.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Lazansky, P. J., and Scudder, J., concur; Young and Carswell, JJ., dissent, with memorandum.

Young and Carswell, JJ. (dissenting). The rule followed in the prevailing opinion should be confined to controversies between the sovereign power and the wife of one whose real property is subjected to a taking in condemnation proceedings. The reason for the rule vanishes when the question arises as between the husband and the wife in connection with the fund which is the substitute for the real property taken. Here, there is and was a concurrence of marriage and seizin which caused an inchoate right of dower to vest in the wife, subject to becoming consummate in the event the wife survived the husband, or extinct in the event the husband survived the wife. This inchoate right should be preserved from destruction as between the parties to the marriage status. It has heretofore been the settled policy of the law to protect a wife's dower at all hazards. There is no insuperable obstacle to so doing in the instant case. Of course, pending that right becoming consummate (if it ever does), the husband should have the income on the entire fund; and an appropriate provision should be made to

that end, or the dower may be admeasured and payment over then had; to that extent there should be a modification of the order, and as so modified the order should be affirmed on the authority of and reasoning in *Matter of Brooklyn Bridge* (75 Hun, 558; affd., 143 N. Y. 640) and *Simar* v. *Canaday* (53 id. 298).

Order reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.