---

In the Matter of the Petition of the TRUSTEES OF THE NEW YORK AND BROOKLYN BRIDGE to Acquire Title to Certain Real Property in the City of Brooklyn, Respondent, now of THOMAS J. LEARY, Appellant, and Others.

*Inchoate right of dower — attaches to the proceeds of property taken by eminent domain — the real estate taken is divested thereof.*

Where real property belonging to a married man is taken by the exercise of the right of eminent domain, during coverture, upon the appraisement and payment of the value to the owner of the fee, an absolute title is acquired divested of any inchoate right of dower existing in his wife.

In proceedings for the condemnation of real property under the right of eminent domain, the inchoate right of dower of a wife must be recognized and protected in the proceeds, as against her husband.

APPEAL by the defendant, Jessie Leary, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 7th day of September, 1893, directing that one-third of the compensation to be received from certain real estate as the consideration thereof be paid to Thomas J. Leary.

*Edward M. Grout*, for the appellant Jessie Leary.

*Fromme Brothers*, for the respondent Thomas Leary.

DYKMAN, J.:

This is a proceeding for the acquisition of real property by the exercise of the right of eminent domain.

The fee of the property was in Thomas J. Leary, and his wife, Jessie Leary, was made a party to the proceeding.

A judgment entered upon default was opened on the application of the wife on the ground that she had not been served with notice, and the judgment was modified so as to provide that one-third of the compensation for the property, after the payment of liens, should be paid into court to abide further order. That judgment has been acquiesced in without appeal and its provisions have been performed.

The compensation for the premises condemned was $31,000. One-third of the equity after the payment of a mortgage is $6,711, and that is the sum of money now involved.

Subsequently the husband made application to the court for the payment of this last sum to him. The wife opposed such application and demanded that the money be invested during the lifetime of the husband, and that her inchoate right of dower in the premises be recognized and protected. Her application was denied, and an order was made which directed the money to be paid to the husband. Upon that motion no one appeared but the husband and wife, and the controversy is between them exclusively. The wife has appealed from the order, and the question involved is whether, in proceedings for the condemnation of real property under the right of eminent domain, the inchoate right of dower of a wife is to be recognized and protected in the proceeds as against her husband.

Where real property belonging to a married man is taken for a public purpose by the exercise of the right of eminent domain during the coverture, upon an appraisement and payment of the value to the owner of the fee, an absolute title is acquired divested of any inchoate right of dower existing in his wife.

So much is fundamental resulting from the nature of the proceedings, and the theory upon which the power of the sovereign to condemn private property for a public use is based.

That theory is that the People in their right of sovereignty are deemed to possess the original and ultimate property in all lands within the jurisdiction of the State, and may resume the possession again to meet public necessities.

That was also the decision of the Court of Appeals in the case of *Moore* v. *The Mayor, etc., of New York* (8 N. Y. 110).

But that does not seem to dispose of the question involved in this appeal. Here the question arises between the husband and the wife over a.fund which may be deemed real estate as well as the surplus arising from a sale upon the foreclosure of a mortgage upon the property of the husband in. which the wife had joined.

In that case the inchoate right of dower is held to attach. (*Matthews* v. *Duryee*, 4 Keyes, 525.)

In the case of *Mills* v. *Van Voorhies* (20 N. Y. 412) it was said that the inchoate rights of the wife are entitled to protection as much as the vested rights of a widow.

The case of *Moore* v. *The Mayor* decided that the wife had no interest in the lands of her husband which required compensation to be made to her where they were taken for a public purpose. That while the husband lived he represented the absolute fee which the statute vests and concludes persons upon the confirmation of the report of the commissioners.

But is that decisive of this appeal? In the case of *Simar* v. *Canaday* (53 N. Y. 304) it is said in the opinion of the court: "We think that it must be considered as settled in this State, notwithstanding *Moore* v. *The Mayor* and some *dicta* in other cases, that as between a wife and any other than the State, or its delegates or agents exercising the right of eminent domain, an inchoate right of dower in lands is a subsisting and valuable interest which will be protected and preserved to her, and that she has a right of action to that end."

This limitation of the *Moore* case materially circumscribes its operation and leaves it to stand as an authority only as between the wife and the State and its delegates.

In the *Simar* case a husband and wife had joined in a conveyance of his land, the sale being induced by the fraud of the grantee, and it was held that the wife had a cause of action against him for damages sustained by the loss of her inchoate right of dower.

This limitation of the *Moore* case was also noticed in the opinion in the case of *Doty* v. *Baker* (11 Hun, 222), where it was held that a release by a wife of her inchoate right of dower in the lands of her husband was a good consideration for his payment or promise to pay her a portion of the purchase money.

In the case of *Smart* v. *Haring* (14 Hun, 276) it was held that such a release by the wife was a good consideration for such a promise, and that a conveyance of property to her in pursuance of such agreement is valid except as to creditors, and is valid as to them to the extent of the value of such inchoate right computed according to the rule laid down in *Jackson* v. *Edwards* (7 Paige, 408).

Where a husband, in order to induce his wife to relinquish her right of dower in certain lands which he wished to sell, agreed to give her seventy dollars a year during her life, the release of her dower was a valuable and sufficient consideration for the promise. (*Foster* v. *Foster*, 5 Hun, 557; *Garlick* v. *Strong*, 3 Paige, 440.)

In the case of *Jackson* v. *Edwards* (7 Paige, 408) the chancellor laid down the rule for computing the value of the wife's contingent right of dower during the life of her husband.

That case was decided in January, 1839, and in 1840 the Legislature enacted a law which provided for settling the rights of married women in the manner stated by the chancellor for ascertaining the value of the inchoate right of dower of married women in case of a sale of premises, and of securing the money by investment. (Laws 1840, chap. 177.)

Dower is highly favored in equity. The right of a doweress is a legal and moral right to sustenance out of her husband's estate, and in that respect she is in the care of the law. (Story's Eq. § 629.)

In view of the authorities, therefore, and also upon principle, our conclusion is that an inchoate right of dower in lands taken by right of eminent domain is a subsisting interest, which will be protected.

The right of the wife in the fund involved in this appeal should be settled in accordance with the rule laid down by the chancellor in *Jackson* v. *Edwards* (*supra*), and the order should be reversed, with ten dollars costs and disbursements.

PRATT, J., concurred; CULLEN, J., not sitting.

Order reversed, with ten dollars costs and disbursements.