MARY CLIFFORD, Appellant, *v.* FREDERICK KAMPFE and Others, Respondents.

84  393
147a 383

*Inchoate right of dower — action by a married woman for its protection.*

A wife has rights in the land of her husband, which, although they are inchoate or incipient, the courts will protect. They do not constitute an estate, nor an existing interest in land, but they are based upon a possibility of becoming such, and are entitled to protection in the same degree as the vested rights of a widow.

Where an action is brought by a married woman for the protection of that which may become her separate estate, she can prosecute the action as if she were a single woman.

APPEAL by the plaintiff, Mary Clifford, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 18th day of May, 1894, upon the decision of the court, rendered at the Kings County Special Term, sustaining the defendants' demurrer to the complaint and

dismissing the complaint, and also from the decision or order of the Supreme Court, made at the Kings County Special Term and entered in said clerk's office on the 14th day of May, 1894, sustaining such demurrer.

*Albert C. Aubery*, for the appellant.

*Herman F. Koepke*, for the respondents.

DYKMAN, J.:

The plaintiff in this action alleges that she is the wife of James Clifford, and as such has an inchoate right of dower in the premises described in the complaint; that in June, 1892, her husband was seized in fee of such premises, and at that time, in conjunction with some person unknown to the plaintiff, he executed to the defendants a deed of conveyance of the premises, which purports to have been executed by Maria Clifford, wife of James Clifford; that the plaintiff never signed nor acknowledged such deed, and she asked that the same, so far as it affects her, be set aside.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that the plaintiff had not legal capacity to sue because the action does not affect her separate estate. The demurrer was sustained and the plaintiff has appealed from the judgment. While it may be quite doubtful whether the execution of the deed by Maria Clifford, wife of James Clifford, would constitute any bar or obstruction to the rights of Mary Clifford, the plaintiff, yet we have concluded to examine and decide the case upon its merits. While there is a difference between the rights of a wife and a widow in the land of her husband, yet both have rights which the courts will protect. The right of the wife is denominated inchoate or incipient. While it is not an estate, nor an existing interest in land, yet it is based upon a possibility of becoming such, and it is the legal right of a wife to have such possibility protected. Such inchoate right of a wife cannot be impaired or evaded, and it is entitled to the same protection as a vested right of a widow. (*Platt* v. *Brick*, 35 Hun, 121; *Mills* v. *Van Voorhies*, 20 N. Y. 420; *Simar* v. *Canaday*, 53 id. 298; *Babcock* v. *Babcock*, 53 How. Pr. 97; *Matthews* v. *Duryee*, 4 Keyes, 525.)

In the case of *Babcock* v. *Babcock* (53 How. Pr. 97) the husband of the plaintiff, on the eve of their marriage, made a voluntary conveyance of his real property to his son and daughter without the knowledge of the plaintiff. After the marriage the plaintiff brought a suit to nullify the deed, and it was held that the plaintiff have judgment declaring such deed void as to her, and that she had an inchoate dower right in all said real estate notwithstanding such conveyance, and a future absolute right of dower therein upon the event of the death of her husband in her lifetime; and, further, that the wife is not required to wait before bringing her action until her inchoate right becomes absolute by the death of her husband. It is the present injury the plaintiff has sustained in the loss of her inchoate right in the lands in question that entitles her to maintain her present action, and the conveyance being made on the eve of the marriage to defraud the wife of the interest in the land which she would have acquired by the marriage, a court of equity will entertain her action for the conservation of the right which she has lost or may lose by the fraudulent acts of the defendants, and grant her the relief to which she may be entitled equitably.

The same doctrine is taught in the case of *Swaine* v. *Perine* (5 Johns. Ch. 482). We had occasion to examine the question in another aspect in *The Matter of the Brooklyn Bridge* (75 Hun, 558), and we there held that the inchoate right of dower of the wife must be recognized and protected in an award for land appropriated under the right of eminent domain.

The deed in question purports upon its face to release the inchoate right of dower of the plaintiff, at least such is its legal effect, and it should be nullified so far as she is concerned. We do not consider the objection to the capacity of the plaintiff to maintain this suit well taken.

The action is for the protection of what may become her separate estate, and she can prosecute the same as if she was a single woman.

The judgment should be reversed, with costs, and the demurrer to the complaint should be overruled, with leave to the defendant to answer in twenty days on payment of costs.

PRATT, J., concurred.

BROWN, P. J.:

I concur that the action may be maintained on the authority of *Burns* v. *Lynde* (6 Allen, 300); *Madigan* v. *Walsh* (22 Wis. 501).

Judgment reversed, with costs, and demurrer overruled, with leave to defendant to answer in twenty days on payment of costs.