### HODECKER v. STRICKER.

(Supreme Court, Special Term, Monroe County. March, 1896.)

HUSBAND AND WIFE—ACTION BY WIFE AGAINST HUSBAND'S PARAMOUR.
　Plaintiff, a married woman, has no cause of action against defendant merely because she (defendant) lives in meretricious relations with plaintiff's husband, assuming to bear his surname, and defendant's conduct is calculated to prejudice plaintiff's standing in the community; the action not being founded on any charge of libel or slander, or that defendant has alienated from plaintiff the affections of her husband, and there being no allegation that plaintiff still lives with him, or that her cohabitation with him was discontinued for any cause attributable to defendant.

Action by Anna Hodecker against Emma Stricker for an injunction. Defendant demurs to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. Sustained.

Jacob Spahn and William F. Cogswell, for plaintiff.
Werner & Harris, for defendant.

BRADLEY, J. The plaintiff, in her complaint, alleges that she is the lawful wife of Frederick Hodecker; that the defendant, with knowledge of this, resides with him, in relations immoral and meretricious, and assumes to bear the surname of Hodecker, and that such appropriation of the plaintiff's name of Hodecker, by thus falsely personating her, is calculated to prejudice the plaintiff's standing in the community, as well as to scandalize and injure her in name and fame, as the lawful wife of the said Frederick Hodecker; and that "by reason of the premises the plaintiff has been scandalized, slandered, defamed, humiliated, defrauded, libeled, and otherwise injured among the community, and greatly distressed in mind, to her damage of ten thousand dollars." She therefore demands judgment for injunctive relief and for damages. The novelty of the action, in its nature, and upon the facts

alleged in its purpose, calls for its careful consideration; and if the matters charged, in the view taken of them, will support any legal relief, the plaintiff is entitled to judgment upon the issue of law raised by the demurrer. The action is not founded upon any charge of libel or slander, nor is it charged that the defendant has alienated from the plaintiff the affections of her husband. It rests solely upon the charge that the defendant, residing with the husband of the plaintiff, has wrongfully appropriated and assumed to have the surname of Hodecker; in other words, that she has taken the apparent relation of wife, and assumed the name to which the plaintiff alone is entitled. And the plaintiff charges that, as the consequence, this may tend to deny to her, in the community, the enjoyment of the reputation such as she would otherwise have in that relation and name, and result to her defamation. This apprehension of the plaintiff, presumably, is founded on the fact that she previously cohabited with Frederick Hodecker as his wife. Although she then was, and still is, such wife, it may be that if other persons should, by want of knowledge of the situation, treat the defendant as his wife, some opportunity might arise to question that relation of the plaintiff to him, resulting in rumors in the community unpleasant to her. But, upon the facts alleged in the complaint, the plaintiff has her remedy by action for dissolution of the marriage contract, to relieve herself from the relation of wife to him, and from the name she derived from it, and thus from the apprehensions before suggested. This right, however, cannot detract from the legal force of any other relief, if any exist, upon the matters set forth in the complaint. There is no allegation to the effect that any proprietary right or interest of the plaintiff is, or may be, affected or impaired by the alleged usurpation and assumption by the defendant of the relation and surname of the plaintiff as before mentioned; and therefore the legal principles applicable to remedies founded upon infringement or appropriation of trade-marks, and in kindred cases, have no necessary application to the question presented by the facts alleged in the complaint in the present action. It is said by counsel that equity will not suffer a wrong without a remedy. This maxim has its limitation in another known as "damnum absque injuria," and, further, that obligations, rights, and duties merely moral are not the subject of equitable relief. As was said by the court in Rees v. City of Watertown, 19 Wall. 121, "It cannot assume control over that large class of obligations called 'imperfect obligations,' resting upon conscience and moral duty only, unconnected with legal obligations." The charge, in its import and legal effect, is not that the defendant seeks to personate the plaintiff, or represent her in any manner, but that the defendant misrepresents herself by falsely assuming the relation of wife and surname of the plaintiff's husband; thus degrading herself, and not the plaintiff. The cited remarks of Judge Peckham, obiter, in Schuyler v. Curtis, 147 N. Y. 434–443, 42 N. E. 22, have no essential application to the proposition in the present case. It was there held that the individual right of privacy dies with the person, and therefore the

friends of the deceased woman could not deny to the defendants the right to erect a statue, in an appropriate manner, to do honor to her, although she may, while living, have had her remedy to defeat the execution of such a purpose. And in the cited case of Foley v. Phelps, 1 App. Div. 551, 37 N. Y. Supp. 471, it was held that the widow had a clear legal right to the remains of her deceased husband, for the purpose of preservation and burial, and consequently a remedy for the denial of that right, against the defendant, for performing an autopsy on his body without her consent, or authority of law. It is true that the determination of that case was not dependent upon any right of property; but the burial of the body of the deceased was a legal duty, and its possession and preservation for the purpose was a personal right of the wife, recognized by law. The plaintiff in the present case is the wife of Hodecker, and she alone is entitled to, and has, that relation to him. She does not complain that she has been excluded, by any act or influence of the defendant, from his marital society, protection, or affection. Nor can it be assumed from the allegations in the complaint that she has been. She does allege that for a long time she lived and cohabited with him as his wife, but fails to aver that she still lives with him, or that her cohabitation with her husband was discontinued for any cause attributable to the defendant. Nor does she allege that, but for the relation so assumed by the defendant to Mr. Hodecker, the plaintiff would have been in cohabitation with him, or have the benefit and enjoyment of his marital protection, care, or affection. It is therefore difficult to see in the matters alleged in the complaint any charge that the defendant has invaded any legal personal right of the plaintiff. It is, however, urged on the part of the plaintiff that the assumption by the defendant of the name of Hodecker is an assault upon the identity and individuality of the plaintiff, distressing to the latter. But, as before suggested, the defendant does not seek to personate the plaintiff, although she assumes to put herself in the apparent relation to Mr. Hodecker which in fact the plaintiff alone has to him. This enables the defendant to perform no act prejudicial to any proprietary right or interest of the plaintiff. In Clifford v. Kampfe, 84 Hun, 393, 32 N. Y. Supp. 352, and 147 N. Y. 383, 42 N. E. 1, the action was founded, and the complaint supported, upon the ground that the plaintiff therein, who was the wife of the male grantor in the deed in question, had an inchoate right of dower in the property, and that what purported to be the execution by his wife of the deed was, as against the plaintiff, a forgery. Her inchoate right of dower was an interest in the property, and, because the conveyance purported to divest the wife of such contingent estate in the land, her action was held available to remove the cloud thus made to appear, by the conveyance, upon her interest in the property. The question in that case was one of identity, which it was prudent, as well as desirable, to settle as early as practicable, for reasons which might affect others as well as the plaintiff in that action. The possibility that others may be misled by the assumed relation of the defendant to Hodecker does

not concern the plaintiff, unless by that means some of her property rights or interests may be brought in question; and until then she has no legal cause of complaint to support relief upon the charges in the complaint, within the doctrine of the Clifford Case. The question of the identity of the plaintiff as the wife of Hodecker, except so far as it may relate to consequences of her survival of him, is merely a social one, and cannot prejudice her legal rights as widow, such as they may be, in the event she survives him. Until then the matters alleged in the complaint present moral questions, for consideration only in the tribunal of conscience.

My examination of the case leads me to the conclusion that the facts alleged in the complaint do not support a cause of action, and therefore judgment is directed for the defendant.