(20 App. Div. 636.)

PECKSPORT CONNECTING RY. CO. v. WEST et al.

(Supreme Court, Appellate Division, Third Department. September 21, 1897.)

1. EMINENT DOMAIN—OWNERSHIP OF AWARD.
   In proceedings by a railroad company against an executor, deceased's widow, a daughter, and a daughter's son, to condemn land for right of way, it appeared that the farm, on testator's death, vested, under his will, in his wife and daughter, or the survivor of them, during their lives, and upon their death, or the death of the daughter and marriage of the widow, the remainder was to vest in the daughter's children. *Held*, that an order declaring such son to be the owner of the sum awarded was erroneous, since other children of the daughter might be born, and become entitled to a share, and their possible interests should be protected in the order made.

2. SAME—PAYMENT INTO COURT.
   Code, § 3358, provides that all persons having any estate, interest, or easement in the property taken, or any lien, charge, or incumbrance thereon, "shall be deemed owners." Section 3378 provides that, if there are any adverse and conflicting claimants to the money awarded, or any part thereof, the court may direct it to be paid into court, and determine who is entitled to the same, and may direct to whom it shall be paid. *Held*, that the executor, not being a trustee under the will for such son, or other remainder-men that might be born to such daughter, the award should not be paid to him, but should be paid into court, and the court should make further orders as to its ownership and investment.

Appeal from special term, Madison county.

Condemnation proceedings by the Pecksport Connecting Railway Company against William M. West, as executor of the will of Alonzo Peck, deceased, Josephine E. Peck, Sophia Peck Smith, and Roger Peck Smith, respectively widow, daughter, and grandson of deceased, and others. From a judgment awarding damages against plaintiff, and directing payment of the money to such executor (45 N. Y. Supp. 644), plaintiff appeals. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. D. Newton, for appellant.

D. G. Wellington (John E. Smith, of counsel), for respondents.

PER CURIAM.    After an examination of the record in this case, we are of the opinion that the award of the commissioners should not be disturbed.    The order of the special term, so far as it confirms their report, should be affirmed.    But the provisions of that order declaring that Roger Peck Smith was the owner of the sum so awarded is not correct.    Upon the death of the testator, Alonzo Peck, the use of the real estate in question, by virtue of his will, vested in his wife and daughter, Sophia, or the survivor of them, during their lives, and upon their death, or upon the death of Sophia and the marriage of the widow, the remainder is to vest in the children of Sophia. Roger Peck Smith, as the only child of Sophia, now represents the remainder-men, but, upon the death of Sophia, her other children, should any be born, would become entitled to a share thereof.    Their possible interests should be protected, and the ownership of the principal of this award should not be now adjudged contrary to their rights.    The executor, West, is not a trustee under the will for them, or for the infant, Roger Peck Smith, and there does not seem to be any reason for directing that he have the custody and control of this fund, which is ultimately to go to such child or children; especially should he not take possession of it without giving security therefor. The Code (section 3358) provides that all persons having any estate, interest, or easement in the property taken, or any lien, charge, or incumbrance thereon, "shall be deemed owners."    It further provides (section 3378) that, if there are any adverse and conflicting claimants to the money awarded, or any part thereof, the court may direct it to be paid into court, and may determine who is entitled to the same, and may direct to whom it shall be paid.    In view of this situation, and of these provisions, we deem it best to modify this order, by directing that the petitioner pay the amount of the award into court.    That will relieve it from further responsibility in the matter, and the court, at special term, can make such further order in reference to the ownership of the fund, and as to its proper investment, as shall be to the interests of the owners, and consistent with the views above expressed.    As thus modified, the order should be affirmed, with costs.