(Supreme Court, Special Term, Warren County. February, 1908.)

1. EMINENT DOMAIN—PROCEDURE—WAIVER OF ERRORS.

On an application by a board of supervisors to secure a right of way for a highway, the parties waived service and publication of notice, and stipulated that the petition might be presented to a justice of the Supreme Court at a time and place agreed upon. The petition was presented and commissioners were appointed, and it was further stipulated that notice of hearing was waived and the hearing was proceeded with without objection. *Held*, that the parties could not afterwards object to the confirmation of the award for the insufficiency of the petition or irregularities in the proceedings prior to the submission.

2. SAME—OBJECTIONS TO PETITION.

The question of the sufficiency of the petition in condemnation proceedings must be raised when the petition is presented.

3. SAME—QUESTIONS TO BE DETERMINED.

After the commissioners in condemnation proceedings are appointed, the only question between the parties is the amount of damages.

4. SAME—CONFIRMATION OF REPORT—OBJECTIONS.

A wife, having an inchoate right of dower in property condemned, and not a party to the proceeding, has no ground to object to the confirmation of the report.

5. SAME—RIGHTS OF MORTGAGEE.

On condemnation of property for a highway, a mortgagee, not a party to the proceeding, cannot object to the confirmation, as the lien is not released until she consents thereto or her mortgage is paid.

6. SAME—OBJECTIONS BY TAXPAYERS.

In condemnation proceedings for a highway, persons who appear only as taxpayers, and who are not made defendants, cannot oppose the confirmation of the award, where it is not shown that the finding is against the interests of the taxpayers, or that the damages are excessive.

In the matter of the application of the board of supervisors of Warren county to secure a right of way for a road. Motion to confirm writ of commissioners granted.

Beecher S. Clother, for board of supervisors.

James E. Sennett and Charles R. Patterson, for Patrick Sullivan and wife.

F. A. Bratt, for mortgagee.

VAN KIRK, J. This matter comes now before the court upon a motion for an order confirming the report of the commissioners in the above-entitled matter. On November 25, 1907, there was presented to the undersigned, a justice of the Supreme Court, the petition herein and a stipulation of Beecher S. Clother, attorney for the petitioners, and J. E. Sennett, attorney for Patrick Sullivan, the owner of the lands over which the proposed improvement of the highway is to extend. The stipulation recites that Patrick Sullivan accepts' due and personal service of the within petition and waives the service and publication of notice as provided by the statute, and further recites that it is stipulated that the petition may be presented to C. C. Van Kirk, justice of the Supreme Court, at his adjourned term to be held in Glens Falls on the 25th day of November, 1907.

In pursuance of such stipulation, and in the presence of the two at-

torneys aforesaid, an order was signed appointing Russel A. Little, John Hogan, and H. Prior King, the commissioners agreed upon by the parties, to ascertain and determine the compensation to be made to the owner and to all persons in any manner interested in the real estate described in the petition.  On the 30th day of November, 1907, Mr. Clother, attorney for the petitioners, and Mr. Sennet, attorney for Patrick Sullivan, entered into a stipulation that a hearing may be had in this proceeding on the 30th day of November, 1907, at 1 o'clock in the afternoon, at the office of Beecher S. Clother, in the Colvin Building, Glens Falls, N. Y., and all notices of such hearing are hereby waived.  It appears that the commissioners took their oaths of office and a hearing was had, at which Beecher S. Clother appeared for the petitioners and James E. Sennett appeared for Patrick Sullivan, and thereupon the evidence relative to the questions at issue for an appraisal of the property was taken; and the commissioners have made their report, dated December 23, 1907, determining that the amount that should be paid to Patrick Sullivan for damages caused by taking the proposed strip of land, including damages to the buildings, is $3,000.

Upon this motion to confirm the report, the wife of Patrick Sullivan appears specially by her attorney to take objections to the proceedings.  She is not made a party to the proceeding, and has not been served with notice herein.  She does not ask to be made a party to the proceeding.  Not being made a party, if she has any rights and interests in the real estate in question, they cannot be taken in this proceeding.  Under Moore v. Mayor, 8 N. Y. 110, 112, 59 Am. Dec. 473, People v. Adirondack R. R. Co., 160 N. Y. 245, 54 N. E. 689, and Matter of Brooklyn Bridge, 75 Hun, 558, 27 N. Y. Supp. 597, I do not think that, in any event, the wife is a necessary party to the proceeding.  If the wife has any interest in the real estate, in her inchoate right of dower, it can be amply protected.  Code Civ. Proc. §§ 452, 3378.  The objections upon her behalf are therefore overruled.

Mrs. Breason, of Argyle, admitted to have a mortgage upon the premises in question, on which there is about $500 unpaid, also appears specially and objects to the jurisdiction of the court, and states that she has had no notice whatever of the proceedings.  She is not made a party.  She does not ask to be brought in as a party.  Provision can be made in the order for saving her rights and interests without prejudice to her.  The court may make the order asked for as between the parties before it.  Code Civ. Proc. § 452.  Not being a party to the proceeding, the lien of her mortgage upon the lands sought to be taken will not be released until she consents or her mortgage is paid, and she is entitled to have the award applied to the payment of her mortgage.  Gates v. De La Mare, 142 N. Y. 307, 37 N. E. 121.  The property covered by the mortgage and not affected by this proceeding is worth several thousands of dollars, and the award is $3,000.

Mr. Patterson also appears specially for himself and for Mr. Patrick Sullivan, the defendant, as taxpayers; but they do not ask to come in to be made defendants.  It is not possible that all the taxpayers in

the district to be assessed to raise the amount of the damages fixed in this proceeding are necessary parties in a proceeding to acquire these lands. Nor does it appear that the finding is contrary to the interests of the taxpayers. There is no complaint made to the court that the damages are excessive.

Patrick Sullivan, as defendant, appears by Mr. Sennett and Mr. Patterson. So far as the objections apply to the regularity of the proceedings, the defendant Sullivan cannot be heard. Under the stipulations which he has made, he has bound himself to recognize the regularity of the proceedings and the sufficiency of the petition up to the time that the matter was submitted to the commissioners appointed by the court. In open court he appeared when the petition was presented and asked for the appointment of the commissioners stipulated by the parties. The order has been made and those commissioners have acted. He cannot now be heard to attack the regularity of the proceedings or the sufficiency of the petition. Nor can he be heard to object that all interested parties are not joined. He should have raised the objection by demurrer or answer. He knew of the interest of his wife and of the mortgagee. It is true that the notices required by the statute have not been given, but they have been waived (County of Orange v. Ellsworth, 98 App. Div. 275, 90 N. Y. Supp. 576); and, if it was the purpose of the defendant to have raised any question as to the sufficiency of the petition, it should have been done in court at the time the petition was presented and before the order appointing the commissioners was made. No answer being filed, no issue on the petition is raised, and the right to judgment for condemnation in accordance with the petition is conceded. Code Civ. Proc. § 3369.

After the order appointing the commissioners has been made, in such manner that the defendant is bound thereby, there is no further question between the parties, excepting as to the amount of the damages. There is no objection made before the court that the damages in this case are insufficient, or that there was any irregularity in the proceedings before the commissioners, or any error connected with their proceedings calling for reversal on account of the conduct of the appraisers, or that the finding as to damages is not supported by the evidence. By the general appearance of the defendant under his stipulation when the commissioners were appointed the court unquestionably gained jurisdiction of the person of the defendant. Reed v. Chilson, 142 N. Y. 152, 155, 36 N. E. 884. And he must be deemed to have waived, both by his appearance and his stipulation, any question as to the sufficiency of the notice and any objection as to the sufficiency of the petition. County of Orange v. Ellsworth, 98 App. Div. 275, 90 N. Y. Supp. 576.

It seems to me without question that these lands may be taken for this highway, and their condemnation could not be defeated. Since the rights of all claimants can be fully protected in the order, no sufficient cause is shown why the order of confirmation should not be made. Because the wife of defendant Sullivan and the mortgagee make conflicting claims to the award, or a part of it, the money should

be paid into court.   Pecksport C. R. Co. v. West, 20 App. Div. 636, 47 N. Y. Supp. 230;  Code Civ. Proc. § 3378.

The order confirming the report of the commissioners should be made.

Motion granted.