RUMSEY v. SULLIVAN et al.    (No. 269/68.)

(Supreme Court, Appellate Division, Fourth Department.    November 11, 1914.)

1. DOWER (§ 35*)—PROTECTION OF INCHOATE RIGHT—ENJOINING WASTE.

A wife who did not join in her husband's conveyance of land could not, during his lifetime, enjoin his grantee from drilling for oil or gas on the land and removing or selling any oil produced, since she cannot interfere with her husband's occupancy and use of the land, and whatever right and title he has he may convey to another, as her right of dower is always inchoate and subject to the changes, improvements, dilapidation, or depreciation occurring during his lifetime, especially as no wells were dug or opened prior to the conveyance, and her right, in case she survives the husband, to operate the wells was therefore acquired by reason of the grantee's act in opening them.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 85, 86; Dec. Dig. § 35.*]

2. DOWER (§ 1*)—NATURE OF RIGHT OF DOWER.

While the original object in allowing dower was to furnish means and sustenance for the wife and for the nurture and education of the children after the death of the husband, it is now regarded as existing, not only for such reasons, but for reasons of public policy, and is recognized as a positive and definite institution.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 1, 2, 8; Dec. Dig. § 1.*]

3. DOWER (§ 3*)—INCHOATE RIGHT OF DOWER—MODIFICATION BY STATUTE.

Dower does not result from any contractual relation between husband and wife, express or implied, and the Legislature may alter, abolish, or diminish such right while it still remains inchoate.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 6, 7, 93; Dec. Dig. § 3.*]

4. DOWER (§ 5½, New, vol. 19 Key-No. Series)—REQUISITES—MARRIAGE—SEISIN AND DEATH OF HUSBAND.

The requisites of dower are a valid marriage, the seisin of the husband, and his death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dower.]

5. DOWER (§ 114*)—RIGHTS OF TENANT IN DOWER—MINERAL OR OIL LANDS.

A widow may operate and work such mines or oil and gas wells opened during the lifetime of her husband as are situated upon that portion of the premises admeasured to her as her dower, and may open new shafts for working an old vein, or sink shafts into a new seam or vein underlying the first, and take minerals or oils therefrom to any extent, even to the exhaustion of the mines or wells, but may not open new mines or wells.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 367–373, 376, 377; Dec. Dig. § 114.*]

6. DOWER (§ 29*)—"INCHOATE DOWER RIGHT"—NATURE OF INCHOATE INTEREST.

An "inchoate dower right" is not an estate nor an interest in real estate, but is merely a substantial right, possessing many of the incidents of property which may, in certain cases, be protected by the court.

[Ed. Note.—For other cases, see Dower, Cent. Dig. § 81; Dec. Dig. § 29.*

For other definitions, see Words and Phrases, First and Second Series, Inchoate Right of Dower.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. MINES AND MINERALS (§ 47*)—OIL—OWNERSHIP.

Oil in the earth belongs to the owner of the soil.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 133; Dec. Dig. § 47.*]

8. MINES AND MINERALS (§ 47*)—OIL—RIGHTS OF ADJOINING LANDOWNERS.

An owner of land may pump, use, and sell oil, though his wells are so located as to lessen the flow of his neighbor's wells dug prior to his.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 133; Dec. Dig. § 47.*]

Kruse, P. J., dissenting.

Appeal from Trial Term, Cattaraugus County.

Action by Kate Rumsey against Darris Sullivan and another. From a judgment for defendants, plaintiff appeals. On reargument. Former decision adhered to, and judgment affirmed.

For former decision, see 148 N. Y. Supp. 1142. See, also, 149 N. Y. Supp. 1108.

Argued before KRUSE, P. J., and LAMBERT, ROBSON, and FOOTE, JJ.

Jewell & Waring, of Olean, for appellant.
Nevins & Black, of Salamanca, for respondents.

LAMBERT, J. [1] The plaintiff is the wife of one Homer Rumsey who on or about September 13, 1902, conveyed the premises described in the complaint to the defendant, Darris Sullivan. At the time of the conveyance Rumsey was the owner of the tract, and the plaintiff, who was then his wife, did not sign the deed. After such conveyance the defendants drilled and are now drilling wells for oil and gas, and it is alleged in the complaint that the principal value of the premises is dependent upon the right to produce oil and gas thereon.

This action is brought to permanently enjoin the defendants from drilling for oil or gas on the land, and from removing or selling any produced thereon.

The action is an unusual one, and there is no case in this state which is directly in point.

The plaintiff claims that the operations of the defendants constitute waste, and that her inchoate right of dower is entitled to be protected by enjoining such waste.

A widow's right of dower in the lands of her husband has always been held sacred. "Favorabilia in lege sunt, vita, ficus dos libertas" is a maxim cited by the most ancient text-writers.

[2] The original object in allowing dower was to furnish means and sustenance for the wife and for the nurture and education of the children after the death of the husband. Wait v. Wait, 4 Barb. 192.

So important is the object to society at large that the courts have extended to it the same degree of protection as to liberty and life, and dower is now held to exist, not only for the reasons aforesaid, but for reasons of public policy, and is recognized as a positive and definite

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

institution of the state.   Lawrence v. Miller, 2 N. Y. 245; Moore v. New York, 8 N. Y. 110, 59 Am. Dec. 473.

[3] Dower does not result from any contractual relation between husband and wife, either express or implied, and the Legislature has the power to alter, abolish, or diminish such right while it still remains inchoate.   Moore v. New York, 8 N. Y. 110, 59 Am. Dec. 473; 14 Cyc. 887.

[4, 5] There are three requisites of dower: A valid marriage; seisin of the husband, and his death.   Upon the death of her husband the plaintiff, if she survives, will be entitled to the life use of one-third of the premises in question, and as an incident thereto may operate and work such of the oil and gas wells opened during the lifetime of her husband as may be situate upon that portion of the premises admeasured to her.   The complaint does not allege that any wells were dug or opened before the conveyance to the defendant, Darris Sullivan, by plaintiff's husband.   The plaintiff, therefore, even if she survived her husband, could never have taken oil or gas from the premises unless wells were dug and opened during the lifetime of the husband by the said defendant or her grantees.

The rule is well stated as follows in Coates v. Cheever, 1 Cow. 460:

"There is no doubt that, as to mines in general, including beds of iron ore, if they are unopened at the time of the owner's death, his widow must take her dower in other land merely.   The newly opening a mine is waste, and the widow, having only an estate for life, can legally do no act which injures the inheritance.   All the cases agree in this.   But it is equally clear that if, during the husband's lifetime, mines are opened, dower in them is properly assignable."

The above case was decided in 1823, and the rule then laid down has been followed in nearly all of the states, not only in respect to mines of ore, but also to wells of oil and gas.   Billings v. Taylor, 10 Pick. (Mass.) 460, 20 Am. Dec. 533; Swayne et al. v. Lone Acre Oil Co. (April 27, 1905), 98 Tex. 597, 86 S. W. 740, 69 L. R. A. 986, 8 Ann. Cas. 1117; Stoughton v. Leigh, 1 Taunt. 402; Higgins Oil, etc., Co. v. Snow, 113 Fed. 433, 51 C. C. A. 267.

In Swayne v. Lone Acre Oil Co. (above), the learned court says:

"It is too well settled to require a citation of authority, that while it is not waste for a tenant by the curtesy or a tenant in dower to work an open mine, it is waste to open a new mine.   In other words, the tenant of a life estate punishable for waste has no right to remove the minerals, when the land had not been devoted to mining purposes before the creation of his estate.   Oil before its extraction is a mineral and is a part of the land, and, in so far as the question under discussion is concerned, is to be considered like iron, coal, lead, or other solid mineral substance."

It is therefore clear that a widow may work mines, oil or gas wells situate upon that portion of the premises admeasured to her.   She may also open new shafts for working an old vein, may sink shafts into a new seam or vein which underlies the first, and take minerals or oil therefrom to any extent, even to the exhaustion of the mines or wells *but may open no new ones.*   Bond v. Godsey, 99 Va. 564, 39 S. E. 216; Richmond Natural Gas Co. v. Davenport, 37 Ind. App. 25, 76 N. E. 525; Westmoreland Coal Co.'s Appeal, 85 Pa. 344; Lenfers

v. Henke, 73 Ill. 405, 24 Am. Rep. 263; Coates v. Cheever, 1 Cow. 460; Billings v. Taylor, 10 Pick. (Mass.) 460, 20 Am. Dec. 533.

[6] While the rights of a widow are well settled, I find no case in which a court of equity has restrained acts similar to those complained of at the instance of a wife having only an inchoate right of dower in the premises. An inchoate dower right is not an estate, nor is it an interest in real estate. 14 Cyc. 925; Moore v. New York, 8 N. Y. 110, 59 Am. Dec. 473.

It is merely a substantial right, possessing many of the incidents of property, which may, in certain cases, be protected by the court. Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523.

It has been held that the court will protect a wife when she has been induced by fraud to release her inchoate right of dower. And in certain cases of judicial sales the court determines the value of such right by accepted standards, and either sets aside a sum for the use of the wife or decrees a payment in gross in lieu thereof.

But I am unable to find any case in which waste has been enjoined, during the lifetime of the husband, upon the suit of the wife. As her right of dower in the lands of her husband depends upon her survival, she cannot interfere with her husband's occupancy and use thereof. Her right is always inchoate and subject to the changes, improvements, dilapidation, or depreciation which may occur during his lifetime. Any other rule would occasion great confusion and much uncertainty as to what a man may or may not do with his own property. A husband, owning lands, may cut the timber, dig wells, mine ores, and pump the oil or gas thereon in any manner he sees fit, so long as he does not thereby create a nuisance or infringe upon the rights of the general public. Whatever right and title he has he may convey to another, and even if the premises do contain mines, minerals, oil, or gas which may in time be exhausted, the right of his wife therein is still inchoate, and she cannot enjoin their development and use during her husband's lifetime.

[7, 8] It has been held that oil in the earth belongs to the owner of the soil. Hughes v. United Pipe Lines, 119 N. Y. 423, 23 N. E. 1042.

It resembles water as it exists in the earth, its original source is uncertain, and even the exact location thereof may not be known, but like salt or mineral waters, it has a market value, and the owner of the fee has a right to pump, use, and sell it even if his wells are so located on his premises as to lessen the flow of his neighbor's wells dug prior to his. And in such case the courts will not enjoin their use at the suit of the neighbor. Wagner v. Mallory, 169 N. Y. 501, 62 N. E. 584.

In the case at bar plaintiff desires to restrain defendants from using the wells of oil and gas which they have dug. She wishes to preserve the oil and gas until some future period when she may be entitled to enjoy these new rights which she has acquired by reason of the defendants' diligence in opening the wells, and thus deprive them, for the present at least, of the fruits of their industry. Ordinarily a zealous life tenant or owner is of benefit to the remainderman or one having an inchoate right of dower in the lands. So in this case the defendant's enterprise in first opening the wells gave plaintiff her claim of an inchoate right to benefit by them. But now having, as she thinks,

gained such a right, she seeks to curb the activities of the defendants to the end that all such benefits may be preserved in full for her common enjoyment in case she ever has dower in the lands. The defendants are rightfully in possession of the premises, and their present operations cannot be said to constitute waste as against the plaintiff.

The complaint, therefore, does not state facts sufficient to constitute a cause of action, and it is clear that the judgment appealed from should be affirmed.

All concur except

KRUSE, P. J. (dissenting). I dissent upon the ground that the plaintiff has an inchoate right of dower in the producing oil and gas wells, and that she is entitled to have that right adjusted and protected by a court of equity. The husband can no longer be regarded as representing his wife or protecting her rights therein. He has parted with his title, deserted his wife, and refuses to support her.

The principal value of the lands is the oil and gas. For farming purposes the land is worth not to exceed $10,000, while the oil and gas exceeds in value $100,000. I think it clear that if the wife should survive her husband, she would be entitled to dower in the producing oil and gas wells. It was early decided that a widow is entitled to be endowed of mines opened and worked in the lifetime of her husband. Coates v. Cheever, 1 Cow. 460. While the inchoate right of dower is not an estate in lands, it is a substantial interest and highly favored in equity, and whenever the right has been threatened by destruction or impairment, the courts have protected it. Matter of Brooklyn Bridge, 75 Hun, 558, 27 N. Y. Supp. 597, affirmed 143 N. Y. 640, 37 N. E. 823; Clifford v. Kampfe, 147 N. Y. 383, 42 N. E. 1, affirming 84 Hun, 393, 32 N. Y. Supp. 352.