Isabella G. Burns
    vs.              Eq. No. 11109.
Robert E. Burns

January 12, 1932.

BAKER, J. In this bill the complainant is making claims in regard to certain moneys now in the possession of the General Treasurer of the State of Rhode Island. This money the General Treasurer desires to pay the respondent by reason of the condemnation of certain real estate standing in said respondent's name and located in the Town of Warwick in this State. To this bill the respondent has demurred, except as to the fourth paragraph thereof to which he has filed an answer, and the case has been heard upon this demurrer and answer.

It appears from the pleadings herein that the State Airport Commission condemned a certain parcel of land belonging to the respondent for which it is to pay the sum of $1,500.

The parties hereto are husband and wife. The first claim which the complainant urges upon the Court is that as the respondent's wife she has an inchoate right of dower in the real estate in question and that, this real estate having been taken by the State Airport Commission, she is entitled to some interest by way of dower in the sum of money which the Commission is to pay for the said land. This matter is raised in the fourth paragraph of the bill. In support of her contention, the complainant refers the Court to certain New Jersey cases:

*Wheeler* vs. *Kirtland*, 27 N. J. Eq. 534;

*State National R. Co. &c.* vs. *Easton &c. R. Co.*, 36 N. J. L. 181.

These cases would appear to support the complainant's contention and undoubtedly set out the law as it is in the State of New Jersey. In New York the law does not seem very clearly settled and possibly some protection is given to the claim of the wife in the proceeds coming from the condemnation of the husband's real estate.

*Simar* vs. *Canaday*, 53 N. Y. 304;

*Witthaus* vs. *Schack*, 105 N. Y. 332;

In re N. Y. & B. Bridge, 27 N. Y. Supp. 597, 143 N. Y. 640.

A consideration of the authorities in general, however, seems to make it clear that the great weight of the law is against the complainant's contention in this regard and that in most of the states it is clearly held that a dower interest is merely inchoate and that where a husband's real estate is taken by condemnation proceedings, the wife can claim no interest in the proceeds by way of dower.

*Flynn* vs. *Flynn*, 171 Mass. 312;

*Long* vs. *Long*, 5 A. L. R. 1343 note;

Vol. 9 R. C. L. p. 589.

The Court sees no reason in this case for departing from the general

rule of law as laid down in most of the jurisdictions and therefore is of the opinion that the complainant is not entitled to make any claim by way of dower to the sum in question now held by the General Treasurer.

The complainant also urges that by reason of the provisions of a certain agreement entered into between herself and her husband on the 18th day of December, 1919, she is entitled to have the money in question segregated or deposited in such a way that the respondent may use only the income therefrom and that the corpus of said fund shall belong to the survivor.

This agreement was before the Court for consideration in Equity No. 8402 and, after a hearing, the Court found that an agreement had been entered into between the parties and was valid, but in that case no attempt was made to construe such agreement or to give to it any particular meaning. The part of the agreement now in question is as follows:

"That in case of death of either, that any and all property, real and personal, of any kind, was to be the sole property of the survivor. * * * And it is further agreed that neither of the above parties shall sell or give away anything without the consent of both."

Of course, no contention is now made that the respondent is giving away property; but the claim is pressed on behalf of the complainant that this taking of the respondent's property by the State Airport Commission falls within the scope of this agreement. She urges that an equitable conversion has taken place and that the $1,500 now held by the General Treasurer merely takes the place of the land in question.

After careful consideration, the Court is of the opinion that an agreement such as the one involved herein should not be broadly interpreted and should not be construed in such a way as to enlarge its scope beyond the language actually used. This agreement is in derogation of the rights of the parties to freely deal with their own property and therefore, in the opinion of the Court, should not be extended. It can, of course, be argued that a condemnation proceeding is a forced selling. Such, however, is not the general view taken by the law. Apparently, a condemnation by the proper authority is a direct taking of the title and the only question remaining for the owner of the property is that of the amount of damages to which he is entitled for said taking.

The complainant urges that if the respondent's claim that this agreement does not cover the present situation is sound, then possibly all the respondent's property might be taken by way of condemnation and the complainant have no standing in relation to said property or the proceeds thereof.

The Court believes that when the agreement in question was entered into, no thought or consideration was given by the parties to the fact that the respondent's property might be condemned and, if this is so, very possibly the agreement in question does not cover the situation now before the Court. The rights of the parties, however, are fixed by the terms of the agreement they made. The Court believes that the parties at the time the agreement was entered into were seeking to make provision to cover the voluntary sale or the giving away by either party of property and that the agreement should not be enlarged beyond what the parties themselves then intended or desired.

The Court is of the opinion, therefore, that the complainant is not entitled by reason of the aforesaid agreement to any part of said sum of $1,500, nor is she entitled to have said sum segregated or set apart to await the determination of which of the two parties is to be the survivor.

On the record as presented, in the judgment of the Court the respond-

ent's demurrer and answer is good and should be sustained and the bill should be dismissed.

For complainant: Curran, Hart, Gainer & Carr.

For respondent: Cooney & Cooney.