GEORGE ALLENDORFF *vs.* IGNAZ M. GAUGENGIGL.

Suffolk. March 19, 1888. — April 7, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Mortgage — Life Estate — Married Woman — Title.*

If a married woman, the sole owner of land, who signs with her husband a mortgage thereof to secure his note, habendum to the grantee, "his heirs and assigns," and containing the usual power of sale, is mentioned for the first time in a clause near the end, in which she purports to "relinquish all my right, title, and interest . . . . to said grantee, and do hereby release to the said grantee and his heirs and assigns" all right of dower in homestead therein, she conveys only a life estate to the grantee; and a purchaser upon a sale under the power cannot give a "good and clear title" within the meaning of an agreement to sell.

CONTRACT for the breach of an agreement in writing, dated November 12, 1887, by the plaintiff to sell and by the defendant to purchase, at a price named, a parcel of land in Brockton, "containing fourteen acres, more or less. Said premises are to be conveyed on or before December 21, 1887, by a good and

sufficient warranty deed of the party of the first part, conveying a good and clear title to the same free from all incumbrances, except a certain mortgage for two hundred and fifty dollars given to and now held by said Gaugengigl, dated September 15, 1885."

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts in substance as follows:

On May 7, 1863, Abby P. Young, the wife of J. Albert Young, became the owner of the fourteen-acre lot, subject to a mortgage, which was afterwards duly discharged of record when a release was made to her. On December 26, 1876, Abby P. Young, together with her husband, to secure a note signed by him alone, signed and delivered to the plaintiff a mortgage deed, which, after reciting that "I, J. Albert Young of Brockton in the county of Plymouth and State of Massachusetts, in consideration of one thousand dollars, to me paid by George Allendorff of said Brockton, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell, and convey unto the said George Allendorff, his heirs and assigns,' the fourteen-acre lot and other land described, " to have and to hold the granted premises, with all the privileges and appurtenances thereto belonging, to the said George Allendorff and his heirs and assigns, to their own use and behoof forever," set forth the usual covenants and a power of sale to be exercised by the grantee after any breach of the condition, " the grantor or his heirs or assigns " to execute deeds to confirm any sale, and concluded as follows: " And for the consideration aforesaid, I, Abby P., wife of said J. Albert Young, do hereby relinquish all my right, title, and interest in either of the afore-described premises to said grantee, and do hereby release unto the said grantee and his heirs and assigns all right of or to both dower and homestead in the granted premises. In witness whereof, we, the said J. Albert Young and Abby P., wife of said Young, hereunto set our hands and seals, this twenty-sixth day of December, in the year eighteen hundred and seventy-six."

In May, 1880, the plaintiff foreclosed the mortgage for a breach of condition, and, under the power of sale, duly sold the premises to one Sumner, by whom they were subsequently con-

veyed to the plaintiff. On September 15, 1885, the plaintiff gave to the defendant the mortgage mentioned in the agreement to sell, and after the execution of that agreement duly tendered to him a deed of the land in question, sufficient in form ; but the defendant refused to take it, or to pay the price agreed upon, on the ground that the plaintiff did not have a good title.

If on these facts the plaintiff could give a good and clear title to the premises described in the agreement, saving and excepting the mortgage in said agreement mentioned, then judgment was to be entered for the plaintiff; otherwise, judgment for the defendant.

*H. R. Bailey*, for the plaintiff.

*W. R. Richards*, for the defendant.

C. ALLEN, J. The original title was in Mrs. Young, and the plaintiff's title depends on the question whether her title was conveyed by the mortgage of December 26, 1876. She was not a party to the earlier part of the mortgage, and her participation in it as a grantor was limited to the clause near the end, wherein she relinquished her right in the premises to the grantee, and released to the grantee and his heirs and assigns all right of dower and homestead. Her relinquishment of her general title was merely to the grantee, and not to his heirs and assigns. The suggestions of the plaintiff's counsel that the word "grantee" included the grantee and his heirs and assigns, and that the words "heirs and assigns," used later, may be taken as referring back so that the relinquishment to the grantee included his heirs and assigns, are quite inadmissible. So also the suggestion that she was a party to the power of sale in the mortgage, and that her title was concluded by the exercise of that power. The mortgage therefore only included a life estate in the lot now in question ; and the title offered by the plaintiff is not good. *Bruce* v. *Wood*, 1 Met. 542. *Raymond* v. *Holden*, 2 Cush. 264.

*Judgment affirmed.*