## ANTTI ANTTILA *vs.* A. E. LYON COMPANY.

Worcester. October 4, 1915. — October 14, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Assignment. Deed. Husband and Wife. Estoppel. Words,* "*All other rights.*"

A supposed mortgage made by a married woman, of land that belonged to her husband and not to her, also was signed by her husband. He was not named as a grantor, but a clause of the instrument contained the following words: "and for the consideration aforesaid, I, E J, husband of the said A J, do hereby release unto the said grantee and his heirs and assigns all right of or to both curtesy and homestead in the granted premises, and all rights, by statute and all other rights therein." At the time the supposed mortgage was made the land was subject to a previous mortgage made by the husband. The underlying mortgage was foreclosed under a power of sale contained in it and the mortgagee, after satisfying the debt to him from the proceeds of the sale, held in his hands a surplus. The person named as mortgagee in the supposed mortgage made by the wife brought an action of contract to recover the amount of this surplus. The presiding judge ruled that the clause quoted above operated as an assignment by the husband of his rights in such surplus and that judgment should be entered for the plaintiff. *Held,* that the ruling was wrong; that the clause quoted was intended only as a release and did not operate as an assignment by way of estoppel or otherwise, the words "all other rights therein," when read in connection with their context, referring only to the release of the statutory rights of the husband in the real estate of his wife in case he should survive her.

CONTRACT by the mortgagee under a mortgage made by Amanda Jasberg, the wife of Elias Jasberg, against the A. E. Lyon Company, a corporation, alleging that the defendant was the assignee of a mortgage on the same land, called the Cross mortgage, made by Elias Jasberg, which the defendant had foreclosed under a

power of sale contained therein, and that the defendant had in its hands a surplus from the proceeds of the sale to which the plaintiff was entitled. Writ dated April 22, 1912.

In the Superior Court the case was heard by *Ratigan,* J., upon an auditor's report. He found that the land covered by both mortgages belonged, before the foreclosure sale, to Elias Jasberg and did not belong to Amanda, his wife, when she mortgaged it to the plaintiff. Among the findings of the auditor was the following: "I therefore find that the defendant, after adjusting the mortgage which was foreclosed, had a balance of $500; that the mortgage given by Amanda Jasberg to Antti Anttila [the plaintiff], dated October 3, 1910, for $500, which was signed by Elias Jasberg and contained the clause previously noted [which is quoted in the opinion], was at that time and has since remained unpaid; that if, under the preceding statement of facts, the said mortgage was a lien upon said property and upon the surplus of $500 over and above the Cross mortgage, then and in that event, the defendant owes the plaintiff the sum of $500; otherwise that it owes nothing."

The judge ruled as matter of law as follows: "That there was an assignment to the plaintiff of all the money in the hands of the defendant remaining after the satisfaction of the defendant's mortgage by the foreclosure sale and that there should be judgment for the plaintiff to the amount of $500 and interest from the date of the writ."

The judge found for the plaintiff in the sum of $557.33; and the defendant alleged exceptions.

The case was submitted on briefs.

*P. F. Ward,* for the defendant.

*J. G. Annala,* for the plaintiff.

PIERCE, J. The plaintiff's right depends upon the question whether the husband of the plaintiff's mortgagor was estopped to assert a title paramount to the mortgage title by reason of the clause: "and for the consideration aforesaid, I, Elias Jasberg, husband of the said Amanda Jasberg, do hereby release unto the said grantee and his heirs and assigns all right of or to both curtesy and homestead in the granted premises, and all rights, by statute and all other rights therein." This redundant clause probably was drawn by the scrivener out of abundant caution to cover any

interest initiate or inchoate arising out of or dependent upon the construction to be given to R. L. c. 132, § 1, and to R. L. c. 140, § 3. See *Downey* v. *King*, 201 Mass. 59. Manifestly it was intended to operate as a release, not as a grant of a limited interest in the land mortgaged. It contains no apt words of assignment, nor can the words "all other rights therein," when read in connection with their context, be construed to disclose an unsuccessful attempt to grant or to release any title to the land and with it the equitable right to receive any surplus remaining after sale in the hands of a mortgagee holding under a paramount title. The words were not of the efficient and operative parts of the deed, nor was the husband described as a grantor therein. The clause held the place commonly assigned to the release of homestead, curtesy and dower.

There is nothing in the facts to indicate that the plaintiff was induced to lend money upon the mortgage because of any statement or declaration of the husband as to his purpose in joining in the conveyance or because of the meaning of the words used in this clause. There is therefore no room for the claim that he is estopped to assert such title as he had and which he has not formally or equitably surrendered. The case in principle cannot be distinguished from *Bruce* v. *Wood*, 1 Met. 542, and is distinguishable from *Allendorff* v. *Gaugengigl*, 146 Mass. 542, where the court decided only that the words of grant did not convey an estate in fee.

The ruling of the presiding judge "That there was an assignment to the plaintiff of all the money in the hands of the defendant remaining after the satisfaction of the defendant's mortgage by the foreclosure sale and that there should be judgment for the plaintiff," was error, and the exception thereto must be sustained.

*So ordered.*