HANNAH DALY *vs.* DANIEL F. DONOVAN & others.

Norfolk.   November 18, 19, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Deed,* Construction. *Husband and Wife. Easement.*

If a deed purporting to convey a right of way is executed as grantor by the wife of the owner of the land to be subjected to the easement and is joined in by the husband releasing "unto the grantee and her heirs and assigns all right of and to curtesy and all other rights in the above mentioned premises so far as may be necessary to give full force and effect to the preceding grant by my wife," it is void as a conveyance of the easement and does not prevent a grantee, under a subsequent warranty deed of the husband containing no reference to the easement, procuring registration of his title without reference to a right of way.

PETITION, filed in the Land Court on December 19, 1925, for registration of land on Dysart Street in Quincy.

The petition was heard by *Smith,* J. Material facts are stated in the opinion. The judge filed a decision ordering a decree for the petitioner. The respondents appealed.

The case was submitted on briefs.

*J. W. McAnarney, T. F. McAnarney, & G. Holland,* for the respondents.

*J. S. C. Nicholls & W. W. Risk,* for the petitioner.

BRALEY, J. The petitioner claims an unencumbered title to the land for which she seeks registration under a warranty deed from William Hamilton, dated May 20, 1921, and duly recorded, which contains no reference to any easement of way of the respondents who are adjoining owners on the north of the premises. But on February 23, 1921, Christina Hamilton, wife of William, had granted to the respondents' predecessor in title by an instrument duly recorded a right of way on the north side of the land in question, nine feet wide, and one hundred twenty-five feet deep, from the street. The grantor, however, not having title, her deed conveyed nothing, and unless the joinder of her husband therein releasing "unto the grantee and her heirs and assigns all right of and to curtesy and all other rights in the above mentioned premises so far as may be necessary to give full force and effect to the preceding grant by my wife," operates as a conveyance of his title, there is no easement which the respondents can enforce. The husband is not named as a grantor, and the words "all other rights in the above-mentioned premises" are to be read with their context, which relate only to the release of his right as tenant by the curtesy initiate and do not purport to convey any other interest in the land. If the instrument, considered as a conveyance, was void, it could not operate by way of estoppel, and the judge of the Land Court correctly ruled, that the petitioner was entitled to registration as she claimed. *Mason* v. *Mason*, 140 Mass. 63, 65. *Anttila* v. *A. E. Lyon Co.* 222 Mass. 126.

*Order for decree affirmed.*